COPE, Judge.
Defendant-appellant Manrique Estevez appeals an order revoking probation. We affirm in part and reverse in part.
Shortly before the end of defendant’s probationary term, the Department of Corrections filed an affidavit alleging that he had violated probation in several respects. After expiration of the probationary period, the Department filed an amended affidavit alleging an additional violation.
At the conclusion of the revocation hearing the following took place:
THE COURT: Thank you, you can have your seat again.
Then defense rests, as well?
MS. KASSEBAUM: Yes, ma'am.
THE COURT: Have a seat, sir.
All right. Therefore, I find that Mr.—
MS. KASSERBAUM: Judge, do I get a chance to make an argument?
THE COURT: No, I find that Mr. Caballero, ... has violated his probation ... and I sentence him on this violation to three years in State prison.
The sentence imposed was the maximum allowed under the sentencing guidelines. Defendant has appealed, contending that the court should not have precluded argument. We agree.
First, it is clear that defense counsel had a legitimate legal argument to make in this case. There was an affidavit of violation of probation filed prior to the expiration of the probationary term. Then, after expiration, the State amended the affidavit to add a new charge which did not relate back to the charges previously filed. Since the new charge was untimely, it could not be used as a basis for violating probation. See Davis v. State, 623 So.2d 579, 580 (Fla. 3d DCA 1993). Had argument been allowed, defense counsel *973 would have explained this and the trial court would have stricken the untimely charge.
Second, defendant had the right to argue for leniency in sentencing. Here the trial court refused to allow argument and proceeded immediately to impose sentence at the maximum of the guidelines.
In Black v. Romano, 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 686 (1985), the Supreme Court stated:
In identifying the procedural requirements of due process, we have observed that the decision to revoke probation typically involves two distinct components:
(1) a retrospective factual question whether the probationer has violated a condition of probation; and
(2) a discretionary determination by the sentencing authority whether violation of a condition warrants revocation of probation.
Id. at 611, 105 S.Ct. at 2257 (citations omitted).
The Court went on to say that “the final revocation of probation must be preceded by a hearing,” id., at which the defendant must have, among other things, “an opportunity to be heard in person....” Id. at 612, 105 S.Ct.at 2258. This means that the defendant must have an opportunity to be heard on both issues: (1) whether defendant has violated a condition of probation, and (2) what sentence should be imposed. This hearing may be informal in nature, but there must be a reasonable opportunity to be heard. See id. at 614, 105 S.Ct. at 2259 (where the court has sentencing discretion, probationer must have an opportunity to present mitigating evidence and argue for sentencing alternatives); Scull v. State, 569 So.2d 1251, 1252 (Fla.1990); McCloud v. State, 653 So.2d 453, 455 (Fla. 3d DCA 1995); American Bar Association Standards for Criminal Justice, Standard 18-7.5(d)(iii), (e)(iv). Closing statement should not have been prohibited. See Gunn v. State, 643 So.2d 677, 678 (Fla. 4th DCA 1994); E.C. v. State, 588 So.2d 698, 698-99 (Fla. 3d DCA 1991); Chalk v. State, 443 So.2d 421, 422 (Fla. 2d DCA 1984); E.V.R. v. State, 342 So.2d 93, 94 (Fla. 3d DCA 1977).
We (1) strike the untimely ground for revocation from the order; (2) affirm the revocation of probation on the remaining grounds; and (3) remand for a new sentencing hearing.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.