807 So.2d 762 (2002)
Darrin Vincent EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4676.
District Court of Appeal of Florida, Second District.
February 15, 2002.
*763 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Sr. Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Darrin Edwards appeals from the revocation of his community control. The sole issue he raises on appeal is whether the trial court departed from its role as a neutral and impartial trier of fact. We agree that the trial court's actions crossed the line of neutrality and reverse.
Edwards appeared before the trial court for a revocation hearing on October 10, 2000. The transcript of that hearing indicates that although an Assistant State Attorney was present, she did not speak at all during the hearing until the sentencing proceedings began. The trial court called and did all of the questioning of the two State witnesses, a probation officer and a police officer, turning the witnesses over to the defense for cross-examination.
A trial judge may conduct probation revocation hearings in an informal manner and ask questions of the witnesses; however, a judge may not assume the role of a prosecutor:
Probation revocation proceedings have been described as informal and not requiring strict adherence to the formal rules of evidence. Freiheit v. State, 458 So.2d 1172 (Fla. 4th DCA 1984). However, while probation revocation proceedings need not be conducted with the same formality as a criminal trial, the requirement that the factfinder be neutral and detached still applies, and requires the roles of prosecutor and judge to remain separate and distinct. This does not mean that a judge may not conduct the proceedings in an informal manner and ask questions relevant to the issues being tried. However, the judge may not, in fact, also act as the prosecutor.
Merchan v. State, 495 So.2d 855, 856 (Fla. 4th DCA 1986).
In Lyles v. State, 742 So.2d 842, 843 (Fla. 2d DCA 1999), this court reversed a revocation of probation based on fundamental error where the trial court "gave the appearance of partiality by taking sua sponte actions which benefitted the State." There, the court had ordered that the defendant's fingerprints be taken for the purpose of identification testimony and bifurcated the hearing to allow additional testimony. In Lyles, this court cited to McFadden v. State, 732 So.2d 1180 (Fla. 4th DCA 1999), wherein the Fourth District reversed a revocation hearing because the trial judge acted as a prosecutor in initiating the introduction of evidence. See also Riddle v. State, 755 So.2d 771, 773 (Fla. 4th DCA 2000) (holding that trial court departed from role of impartiality during revocation hearing where trial court repeatedly interrupted counsel and aggressively questioned defendant and the *764 witnesses on matters not raised by the State).
Because the trial court assumed the role of the prosecutor, Edwards was deprived of his right to an unbiased magistrate. Accordingly, we reverse for a new revocation hearing before a different trial judge.
Reversed and remanded.
ALTENBERND and SILBERMAN, JJ., concur.