821 So.2d 443 (2002)
Frederick CAGLE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1403.
District Court of Appeal of Florida, Second District.
July 19, 2002.
*444 James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Frederick Cagle appeals the order revoking his probation. He raises several issues, but we need only address his contention, with which the State and we agree, that he was deprived of due process by the trial court's failure to act as a neutral and detached magistrate.
At the revocation of probation hearing, defense counsel announced that Cagle was going to enter an open plea to one of the several allegations of violation of probation. After questioning Cagle about the circumstances surrounding the violation, the trial court announced that it was rejecting any plea negotiations and was going to conduct a hearing. The court itself then proceeded to call one of the victims, swear her as a witness, and question her about the circumstances surrounding the offenses Cagle was alleged to have committed against her. Upon concluding its questioning of this victim, the court asked defense counsel if he had any questions for her, but counsel did not. The court then asked the State if it had any testimony it wanted to present, and the State said it wanted to call the other victim. The court called that victim, swore him as a witness, and questioned him itself. When the court attempted to pass the witness to the defense, the State asserted that it had further questions for that witness. After defense counsel cross-examined this witness, the court asked the probation officer several questions without swearing him as a witness. The State asserted it had another witness to call, and the court again questioned this witness before allowing the State to do so.
A trial court may conduct probation revocation proceedings in an informal manner and it may question witnesses, but it may not assume the role of the prosecutor. Edwards v. State, 807 So.2d 762, 763 (Fla. 2d DCA 2002). Doing so deprives the defendant of the fair and impartial tribunal which is the cornerstone of due process. See Marshall v. Jerrico, Inc., 446 U.S. 238, 100 S.Ct. 1610, 64 L.Ed.2d 182 (1980). Such conduct amounts to fundamental error that may be raised for the first time on appeal. See Sparks v. State, 740 So.2d 33 (Fla. 1st DCA 1999).
Accordingly, we reverse for a new revocation hearing before a different trial judge.
Reversed and remanded.
NORTHCUTT and CASANUEVA, JJ. Concur.