879 So.2d 60 (2004)
Pedro Juan HERNANDEZ, Petitioner,
v.
Charles J. McCRAY, Act. Dir. Miami etc., et al, Respondent.
No. 3D04-1799.
District Court of Appeal of Florida, Third District.
July 23, 2004.
Ricardo P. Hermida, for petitioner.
Charles J. Crist, Jr., Attorney General, and Angel L. Fleming, Assistant Attorney General, for respondent.
Before SCHWARTZ, C.J., GERSTEN and FLETCHER, JJ.
PER CURIAM.
Petitioner Pedro Juan Hernandez ("petitioner") seeks a writ of habeas corpus, claiming his current detention is unlawful and that he is entitled to immediate release. We exercise our jurisdiction pursuant to Article V, section 4(b)(3) of the *61 Florida Constitution and grant the petition for habeas corpus.
The petitioner was arrested for an alleged violation of Section 800.04(4)(a), Florida Statutes (2003), in December of 2003. A few weeks later, the petitioner was released on bond. The case was set for trial on May 3, 2004. Defense counsel informed the State that a defense continuance was being sought, and asked another attorney to cover the petitioner's case to request a continuance on the scheduled trial day.
On the morning of the scheduled trial day, the petitioner was in the hallway outside the courtroom looking for his original defense counsel. When the case was called, the petitioner was not present and the trial judge issued an alias/capias. Substitute counsel then located the petitioner in the hallway, and both appeared in court prior to the conclusion of the morning calendar.
When the petitioner appeared in court, the trial judge set aside the alias/capias, but stated: "We are drug testing you too... Drug test both of them." The trial judge had just ordered the drug test of an earlier defendant. The trial judge did not articulate any reason for ordering the petitioner's drug test. The petitioner was not provided with an opportunity to respond to the request for urine and was not provided with an opportunity to speak with counsel prior to being taken into the jury room "to drop." The record further indicates the petitioner did not have a Spanish-language translator and was never advised as to any reason for the requested drug screen. The petitioner allegedly tested positive for illegal drugs and was subsequently ordered to be placed in detention without bond.
This was clearly error. Simply put, there is no evidence other than the petitioner's tardiness to support a forced urinalysis or drug screen. At no time was the petitioner charged with violating a court order or court decorum. There are no findings that the petitioner was in any way impaired at the hearing or that the petitioner failed to comply with the conditions of the bail bond contract. There was no probable cause to take the petitioner into custody. See § 903.046, Fla. Stat. (2004).
Under these circumstances, it was error for the trial court to order the petitioner detained with no bond. Accordingly, we grant the petition for writ of habeas corpus and direct that the detention based upon the sua sponte drug test be vacated. Bond is reinstated and the respondent is ordered to immediately release the petitioner from custody.
This opinion shall take effect immediately notwithstanding the filing of any motion for rehearing.