PER CURIAM.
This is an appeal from an order revoking appellant’s probation and sentencing him to a term of imprisonment. He argues the trial court committed reversible error by assuming the role of prosecutor in conducting an examination of appellant’s probation officer during the violation of probation (VOP) proceeding relating to the explanations given by the officer to appellant pertaining to his duty to report to the probation office following appellant’s release from custody. The examination was made for the purpose, in the court’s words, of laying a “proper predicate” for the admission of the officer’s instruction sheet, which had been signed by appellant.
While we agree with appellant that the lower court’s conduct in such regard appears to cross the line between neutral arbiter and prosecutor, compare Cagle v. State, 821 So.2d 443, 444 (Fla. 2d DCA 2002), nevertheless, we conclude the error was harmless. During direct examination of the probation officer, the assistant state attorney elicited testimony concerning the officer’s contact with, and instructions to, appellant concerning appellant’s responsibility to report to the probation office immediately upon his release from the county jail. Thereafter, on cross-examination, defense counsel made inquiries concerning the document, which the state subsequently sought to have admitted on re-direct. When defense counsel objected to its introduction, the trial court sua sponte laid a predicate for the document’s admission, *830 then returned the examination to the prosecutor.
Because the probation officer’s testimony established, independently from the questioning of the court, that appellant’s failure to report to the probation office was knowing and willful, the revocation of appellant’s probation and sentence is
AFFIRMED.
ERVIN, ALLEN and HAWKES, JJ., CONCUR.