895 So.2d 1251 (2005)
Anderson PADALLA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-5451.
District Court of Appeal of Florida, Second District.
March 4, 2005.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
*1252 SALCINES, Judge.
Anderson Padalla appeals from an order revoking his probation. He asserts that the trial court departed from its role as a neutral and impartial trier of fact. We agree and reverse.
The present case is strikingly similar to the situation in Edwards v. State, 807 So.2d 762 (Fla. 2d DCA 2002), in which we reversed because the trial court had overstepped its bounds. In the present case, as in Edwards, the prosecutor did not conduct the examination of the State's witnesses during the revocation hearing. Instead, as in Edwards, the trial court conducted the questioning before turning each witness over to the defense for cross-examination.
The State does not address Edwards or the fact that both the present case and Edwards involved the same judge engaging in remarkably similar conduct.[1] Rather, it argues that Padalla's issue was unpreserved because defense counsel failed to lodge an objection to the trial court's conduct and that the error was not fundamental. In Cagle v. State, 821 So.2d 443 (Fla. 2d DCA 2002), in which the State conceded error on appeal, this court clearly stated:
A trial court may conduct probation revocation proceedings in an informal manner and it may question witnesses, but it may not assume the role of the prosecutor. Edwards v. State, 807 So.2d 762, 763 (Fla. 2d DCA 2002). Doing so deprives the defendant of the fair and impartial tribunal which is the cornerstone of due process. See Marshall v. Jerrico, Inc., 446 U.S. 238, 100 S.Ct. 1610, 64 L.Ed.2d 182 (1980). Such conduct amounts to fundamental error that may be raised for the first time on appeal. See Sparks v. State, 740 So.2d 33 (Fla. 1st DCA 1999).
Id. at 444; see also Lyles v. State, 742 So.2d 842 (Fla. 2d DCA 1999) (holding that trial court committed fundamental error where it gave the appearance of partiality by taking sua sponte action which benefitted the State, i.e., reopening the probation revocation hearing and ordering the probationer to submit to fingerprinting).
In the present case, the trial court assumed the role of the prosecutor and, in so doing, committed fundamental error. Accordingly, we reverse for a new revocation hearing.[2]
Reversed and remanded.
WHATLEY and SILBERMAN, JJ., concur.
NOTES
[1] We recognize that the trial judge did not have the benefit of this court's decisions in Edwards, 807 So.2d 762, and Cagle v. State, 821 So.2d 443 (Fla. 2d DCA 2002), when he conducted Padalla's revocation hearing on November 17, 2000.
[2] Because the trial judge who presided in this matter is now deceased, we do not include our customary direction that the matter be heard on remand before a different judge.