PER CURIAM.
Tavia Smith (“petitioner”), seeks a writ of habeas corpus, claiming her detention is unlawful and that she is entitled to immediate release. We exercise our jurisdiction pursuant to Article V, section 4(b)(3) of the Florida Constitution and grant the petition.
The petitioner was arrested for possession of cocaine in violation of section 800.04(4)(a), Florida Statutes (2003), and she was later released on bond. The petitioner subsequently appeared before the trial court for a routine appearance regarding a plea offer. The trial court advised the petitioner she could enter a plea of not guilty, a plea of adjudication with credit time served, or she could attend the J.M.P. Program, a judicial monitoring program for drug offender probation. The petitioner rejected the plea offers.
The trial court reviewed the petitioner’s prior convictions which included a prior drug charge and, without giving any reasons, sua sponte ordered the petitioner to take an immediate drug test. After the petitioner tested positive for illegal drugs, the trial court ordered that the petitioner be detained without bond.
Petitioner’s counsel filed this petition for habeas corpus asserting that the trial court improperly ordered pretrial detention. We agree and grant the petition.
Here, there was no evidence to support a sua sponte drug test. The petitioner was not required to submit to drug testing as a special condition of the bond nor did the trial court have good cause to impose drug testing at the plea offer hearing.
The record shows that the petitioner did not violate a court order or court decorum. In addition, the trial court did not make any findings that the petitioner was in any way impaired at the hearing. Simply put, there was no probable cause to take the petitioner into custody. See § 903.046, Fla. Stat. (2004); Hernandez v. McCray, 879 So.2d 60 (Fla. 3d DCA 2004); Reyes v. McCray, 879 So.2d 1269 (Fla. 3d DCA 2004).
*577 Under these circumstances, the trial court erred in ordering the petitioner detained with no bond. Accordingly, we grant the petition for writ of habeas corpus and direct that the petitioner be released forthwith and that the bond be reinstated.
Petition granted.