PER CURIAM.
Reversed and remanded for further proceedings before a new judge. See Sears v. State, 889 So.2d 956, 960 (Fla. 5th DCA 2004) (“The trial judge in the present case crossed the line of neutrality and impartiality, and as a result, Mr. Sears did not receive a fair and impartial violation of probation hearing.”); Cagle v. State, 821 So.2d 443, 444 (Fla. 2d DCA 2002) (“[While a] trial court may conduct probation revocation proceedings in an informal manner and ... question witnesses, ... it may not assume the role of the prosecutor. Doing so deprives the defendant of the fair and impartial tribunal which is the cornerstone of due process. See Marshall v. Jerrico, Inc., 446 U.S. 238, 100 S.Ct. 1610, 64 L.Ed.2d 182 (1980). Such conduct *357 amounts to fundamental error that may be raised for the first time on appeal”) (other citation omitted). See also Padalla v. State, 895 So.2d 1251, 1252 n. 2 (Fla. 2d DCA 2005) (noting it is “customary ... that the matter be heard on remand before a different judge”); Sears, 889 So.2d at 957-59 (reversing revocation of probation and remanding for new hearing before different judge where trial judge “unnecessarily interjected himself into the adversarial process, and abandoned the cloak of neutrality” when the court, among other things, asked the defendant twenty-two questions, even though defendant was never sworn, and “[a]t the conclusion of this last series of questions, the trial court abruptly found [him] guilty of violating his probation, and sentenced him to prison”); Cagle, 821 So.2d at 444 (reversing “for a new revocation hearing before a different trial judge” where trial judge had, inter alia, posed “questions without swearing ... [the] witness”).
BENTON, PADOVANO, and THOMAS, JJ., concur.