*1216 STEVENSON, J.
Jonathan Bleiweiss, a Broward sheriffs deputy accused of homosexually abusing illegal immigrants, is being held without bond on three sexual battery counts following an Arthur hearing.[1] In this petition for writ of habeas corpus, Bleiweiss has argued that relief should be granted because: (1) the finding of proof evident, presumption great, was based solely on hearsay; (2) the court made the finding without first hearing argument from counsel (denying due process); (3) the evidence did not establish proof evident, presumption great; and (4) the trial court refused to set bond based on facts not in the record. The State was ordered to respond, and Bleiweiss filed a reply.
We grant the petition based on Blei-weiss’s argument (2) — that, after the evidence was presented, the court made its finding that the proof was evident and the presumption great and denied counsel’s request to make argument on the same. We believe that the failure to allow argument of counsel, in this case, amounted to a basic denial of petitioner’s right to be heard at an adversarial judicial proceeding that could deprive him of his liberty — the most fundamental of all due process rights. See Chalk v. State, 443 So.2d 421, 422-23 (Fla. 2d DCA 1984) (holding that patient’s constitutional due process rights were violated when his trial counsel was not allowed to present a closing argument prior to involuntary commitment); J.M.S. v. State, 921 So.2d 813, 815-16 (Fla. 5th DCA 2006) (finding error in trial court’s refusal to permit defense counsel to make closing argument in bench trial even though court permitted counsel to later submit argument in writing).
The extent of procedural due process depends on the circumstances. See Massey v. Charlotte County, 842 So.2d 142, 146 (Fla. 2d DCA 2003). This case is distinguishable from State ex rel. Funmaker v. Klamm, 106 Wis.2d 624, 317 N.W.2d 458 (1982), cited in the dissenting opinion. The “preliminary examination” at issue in Klamm was held before a magistrate to determine whether probable cause existed for a “bind over.” Id at 460, 460 n. 1. Review of the controlling statute in Klamm, section 970.03, Wisconsin Statutes, shows that Wisconsin’s “preliminary examination” is merely to determine whether probable cause exists for felony charges or whether the case should be dismissed or proceed as a misdemeanor instead. The issue in Klamm was not pretrial detention (the denial of bail), but merely whether there was probable cause for felony charges. Here, the pretrial detention determination will result in a significant deprivation of liberty, which will likely last up to the date of trial.
An Arthur hearing under Florida law and the Florida Constitution demands more than mere “probable cause” before pretrial detention may be ordered. Because the State can rely on affidavits, cross examination is not available to point out inconsistencies in statements. The right to counsel at a pretrial detention hearing contained in Florida Rule of Criminal Procedure 3.130(c) may not be meaningful in a complex case if counsel can be prevented from presenting argument as to why the State’s evidence is insufficient. Legal argument permits counsel to point out appli *1217 cable law and conflicts in the evidence prior to the judge making a ruling. See Herring v. New York, 422 U.S. 853, 857-58, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975) (holding that statute which permitted judge to deny defense closing in bench trial violated right to counsel and emphasizing the importance of argument by counsel in the fact-finding process).
In three pages of legal analysis and discussion, the dissent eloquently dissects the specific charges and evidence and presents a compelling argument as to why the State did not meet its extraordinary burden in this case. The defense counsel at the hearing below was given no such opportunity. In view of the intricacies and complexities of this case — in relation to both the legal charges and the factual allegations — we have no trouble concluding that the trial court’s refusal to allow some minimal form of argument by counsel prior to its determination prevented a “fair hearing” and was a violation of the fundamental due process right to be heard. “[D]ue process is flexible and calls for such procedural protections as the particular situation demands.” Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Of course, on remand, the court may place reasonable restrictions on the length and manner of counsel’s argument, and in its discretion, may even require counsel to submit its argument in writing.
Because of our disposition on this issue, we have not reached the other arguments raised by Bleiweiss. On remand, we direct that the proceedings be heard by a different judge.

Petition Granted.

HAZOURI, J., concurs.
WARNER, J., dissents in part and concurs in part with opinion.

. State v. Arthur, 390 So.2d 717, 719 (Fla.1980) (holding that, before pretrial detention may be ordered in a life felony case, State must show that “proof is evident or the presumption great”). See also Art. I, § 14, Fla. Const. The degree of proof in this posture is greater than beyond a reasonable doubt. Elderbroom v. Knowles, 621 So.2d 518, 520 (Fla. 4th DCA 1993).