PER CURIAM.
Appellant Eliot Lewis Pearson appeals an order revoking probation and sentencing him to concurrent sentences totaling fifteen years. We reverse because immediately after the evidentiary portion of the hearing, the trial court announced its ruling that the violations were supported by the evidence without allowing closing argument. When defense counsel requested that she be allowed to make a closing argument, the trial judge refused, stating that he could not “imagine anything that [defense counsel] would say that would change [the] ruling.” We note that the most serious charge was the offense of felony battery and defendant had claimed self-defense. Although the court later heard argument on the sentence which was to be imposed, the failure to allow argument on the threshold issue of whether defendant violated his probation was error. See Estevez v. State, 705 So.2d 972, 973 (Fla. 3d DCA 1998) (citing Black v. Romano, 471 U.S. 606, 611, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985)).
Accordingly, we hold that the abrupt and perfunctory manner in which the trial court handled the latter part of this probation revocation proceeding was error and we reverse for a new hearing. See Holley v. State, 48 So.3d 916, 922 (Fla. 4th DCA 2010) (reversing where trial court’s limit on cross-examination and argument from counsel on motion to suppress reflected “a consistent series of unnecessary restrictions on [the] defendant’s right to confront, argue, and present his case”). On remand, we direct that this case be assigned to another trial judge.

Reversed and remanded.

GROSS, C.J., STEVENSON and TAYLOR, JJ., concur.