BLACK, Judge.
 

 Jonathan Caldwell appeals the revocation of his probation for lewd and lascivious battery upon an elderly or disabled adult. We affirm without comment the trial court’s finding that Caldwell violated his probation. However, Caldwell argues, the State concedes, and we agree that the trial court erred by failing to hear any argument on sentencing.
 
 See Estevez v. State,
 
 705 So.2d 972, 973 (Fla. 3d DCA 1998) (stating a probationer must have an opportunity to be heard regarding what sentence should be imposed and to present mitigating evidence and argue for sentencing alternatives when the trial court has sentencing discretion (citing
 
 Black v. Romano,
 
 471 U.S. 606, 614, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985))). Thus, we remand for the limited purpose of a sentencing hearing, at which Caldwell can present mitigating evidence.
 
 [1]
 

 Additionally, we remand for the trial court to correct a scrivener’s error in
 
 *780
 
 the order revoking probation. The order incorrectly states that Caldwell admitted violating probation and that the court accepted the admission; however, the record shows that the court held a hearing on the violation, that Caldwell contested the fact that he violated, and that the court found a willful and substantial violation.
 
 See Neal v. State,
 
 62 So.3d 1277, 1278 (Fla. 2d DCA 2011).
 

 Affirmed in part, reversed in part, and remanded for further proceedings and correction of a scrivener’s error.
 

 KHOUZAM and MORRIS, JJ., Concur.
 

 [1]
 

 . It appears that the trial judge on this case, Judge Thomas S. Reese, retired in 2010. On remand, this issue should be addressed pursu
 
 *780
 
 ant to Florida Rule of Criminal Procedure 3.700(c)(1).