SILBERMAN, Chief Judge.
 

 Sue Elizabeth Amason appeals the revocation of her probation and resulting sentence of five years in prison for obtaining food or lodging with intent to defraud ($300 or more). Amason admitted to a violation of probation but contends that she was denied due process at the revocation hearing. Because the trial court did not give Amason an adequate opportunity to be heard regarding sentencing, we reverse and remand for a new revocation hearing before a different trial judge.
 

 In January 2009, Amason was placed on eighteen months’ probation for obtaining food or lodging with intent to defraud ($300 or more), a third-degree felony. A condition of her probation required that she pay restitution of $4549 to the Clarion Hotel and Conference Center within sixty days. An affidavit and amended affidavit of violation of probation were filed in May and June of 2009. The amended affidavit alleged four violations of probation, including a violation of condition 9 for the failure to make restitution payments and a violation of condition 3 for changing her residence without the approval of her probation officer. An addendum to the violation report indicated that a friend of Amason’s, Ellen Hair, had reportedly loaned $6000 to Amason so that she could pay her financial obligations to the court in full and that Hair had not heard from Amason since that time.
 

 At the violation of probation hearing held on October 14, 2010, the trial court placed Amason under oath and she admitted to violating condition 3 by moving from her last known residence without the consent of her probation officer. The trial court found her in violation and stated, “What says the defense?” Defense counsel began to explain the circumstances surrounding Amason’s change of residence and that Amason was now living with her friend, Ellen Hair.
 

 Hair was present at the hearing, and the trial court placed her under oath. The trial court asked Hair what Amason did with the $6000 Hair gave her to pay restitution. Hair testified that she believed Amason “put it in a bank account and there was some fraud there.” However, Hair asked the trial court to give Amason a second chance and place her back on probation.
 

 The trial court then turned to Amason, noted that she was already under oath, and asked what happened to the $6000. Amason testified that she lost the check that Hair had given her and did not have the money. The trial court responded, “How convenient. Do you know what? There is fraud and it is occurring right over there in the jury box. She agreed to pay this in 60 days when she was placed on probation and hasn’t paid not one penny.” Defense counsel then tried to interject three times, but the court cut her off each time. Without giving counsel the opportunity to ask questions of the witnesses or hearing any argument from counsel, the court adjudicated Amason guilty and sentenced her to sixty months in prison. The order revoking probation reflects that the trial court revoked the probation based on an admission of a violation of condition 3.
 

 Amason contends on appeal that the trial court committed fundamental error by taking on the prosecutor’s role and thus denying her due process. She also contends that the trial court denied her due process by refusing to let defense counsel respond to the court’s finding of fraud, its adjudication, and its imposition of the statutory maximum sentence.
 

 With respect to her first contention, we conclude that the trial court did
 
 *377
 
 not assume the prosecutor s role as the trial court did in
 
 Cagle v. State,
 
 821 So.2d 443 (Fla. 2d DCA 2002). “A trial court may conduct probation revocation proceedings in an informal manner and it may question witnesses, but it may not assume the role of the prosecutor.”
 
 Id.
 
 at 444. Although a trial judge may ask questions, that “is not an invitation to trial judges to supply essential elements in the state’s case.”
 
 Sears v. State,
 
 889 So.2d 956, 959 (Fla. 5th DCA 2004).
 

 The trial court in
 
 Cagle
 
 faded to act as a neutral and detached tribunal when it rejected the plea negotiations concerning a probation violation, stated that it would conduct a hearing, and then proceeded to call and question all the witnesses concerning the substance of the allegations. 821 So.2d at 444. The trial court also questioned the probation officer without placing him under oath.
 
 Id.
 
 The trial court’s conduct deprived Cagle of a fair and impartial tribunal and constituted fundamental error.
 
 See id.; see also Sears,
 
 889 So.2d at 959-60 (determining that the trial judge crossed the line of neutrality when it asked the victim forty questions and asked Sears twenty-two questions, although he was not placed under oath, at a violation of probation hearing).
 

 Here, the trial court did not provide essential elements of the State’s case; rather, Amason admitted that she violated her probation. After the trial court found Amason in violation, the court asked Hair a question and Amason a question regarding what happened to the restitution money. It was certainly a relevant consideration in determining whether to revoke her probation and sentence her to prison. However, that leads to Amason’s second contention that she was not given an adequate opportunity to be heard regarding the sentencing portion of the hearing.
 

 “Due process envisions a law that hears before it condemns, proceeds upon inquiry, and renders judgment only after proper consideration of issues advanced by adversarial parties.”
 
 Scull v. State,
 
 569 So.2d 1251, 1252 (Fla.1990). In addition to the factual determination of whether a violation of probation has occurred, a trial court’s decision to revoke probation involves a discretionary determination of whether the violation justifies the revocation of probation.
 
 Black v. Romano,
 
 471 U.S. 606, 611, 105 S.Ct. 2254, 85 L.Ed.2d 686 (1985). A probationer must have an opportunity to present mitigating evidence and argue for sentencing alternatives when the court has sentencing discretion.
 
 Id.
 
 at 614, 105 S.Ct. 2254. A trial court must give a probationer an opportunity to be heard on sentencing in probation revocation proceedings.
 
 See Caldwell v. State,
 
 72 So.3d 779, 779 (Fla. 2d DCA 2011);
 
 Estevez v. State,
 
 705 So.2d 972, 978 (Fla. 3d DCA 1998).
 

 After the trial court’s brief questioning of Hair and Amason, defense counsel tried to interject, but the trial court cut her off three times. Defense counsel was not given an opportunity to cross-examine the witnesses. She was also not able to make any argument responding to the trial court’s conclusion that Amason was committing fraud or that the statutory maximum sentence was warranted. Under these circumstances, Amason was denied due process. Therefore, we reverse the order revoking probation and resulting sentence and remand for a new revocation hearing before a different trial judge at which Amason can present mitigating evidence.
 

 Reversed and remanded.
 

 DAVIS and LaROSE, JJ., Concur.