PER CURIAM.
Demetry E. Fain appeals an order revoking probation and sentencing him to fifteen years’ imprisonment. He argues that the trial court reversibly erred in denying his counsel’s request for a closing argument at the end of the evidentiary portion of the hearing. We agree.
Appellant was entitled to an opportunity to be heard on the issue of whether he violated his probation. See Pearson v. State, 51 So.3d 1286, 1286 (Fla. 4th DCA 2011); Estevez v. State, 705 So.2d 972, 973 (Fla. 3d DCA 1998) (citing Black v. Romano, 471 U.S. 606, 611, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985)). This opportunity includes the right to a closing argument. Pearson, 51 So.3d at 1286; Estevez, 705 So.2d at 973. Because we do not know how a closing argument might have affected the judge’s perception of the evidence, we decline the State’s invitation to deem the denial of closing argument harmless. Cf. Herring v. New York, 422 U.S. 853, 862-64, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975) (noting that a closing argument may correct misperceptions in what would otherwise appear to be an “open and shut” bench trial and that there is no way for a judge to know if a closing argument will have such an effect without allowing the argument to proceed). Accordingly, we reverse and remand for a new hearing.
BENTON, C.J., ROBERTS and RAY, JJ., concur.