DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ERIC SELMAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-632

[March 18, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Matthew I. Destry, Judge; L.T. Case No. 10-21595 CF10A.

Carey Haughwout, Public Defender, and Jonathan Dodson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Eric Selman appeals an order finding that he violated his probation by committing trespass after warning, sentencing him to time served, and reinstating the original terms and conditions of his probation. He argues the trial court denied his due process rights by refusing to allow defense counsel to present a closing argument at the final hearing on his violation of probation. We agree and reverse.

After the defense rested—but before being afforded an opportunity to offer a closing argument—the trial court began to announce its ruling. Defense counsel attempted to interject, stating, "Your Honor, if I may." The trial court continued speaking without acknowledging her request, so defense counsel again interrupted:

DEFENSE COUNSEL:    If I may make a record, Your Honor.

THE COURT:    No. At this point I'm proceeding. I don't need argument.

Several more times, counsel attempted to present arguments pertaining to the insufficiency of hearsay testimony and an affirmative defense of a tenancy (related to the trespass charge), and each time the trial court promptly dismissed the issue raised.

A defendant's due process rights include the right to present a closing argument at a violation of probation hearing, just as in a jury or non-jury trial. *See Estevez v. State*, 705 So. 2d 972, 973 (Fla. 3d DCA 1998); *see also Bleiweiss v. State*, 24 So. 3d 1215, 1216 (Fla. 4th DCA 2009) ("[T]he failure to allow argument of counsel . . . amounted to a basic denial of petitioner's right to be heard at an adversarial judicial proceeding that could deprive him of his liberty—the most fundamental of all due process rights."). The failure to afford a defendant a closing argument in such an adversarial proceeding is reversible error. *See Pearson v. State*, 51 So. 3d 1286 (Fla. 4th DCA 2011). Although the parties may consent or otherwise be directed to present their closing arguments in writing, a defendant still must be given the opportunity to present closing argument in some form. *See J.M.S. v. State*, 921 So. 2d 813, 815 (Fla. 5th DCA 2006); *M.E.F. v. State*, 595 So. 2d 86, 87 (Fla. 2d DCA 1992). And of course, closing argument may be waived. *See, e.g.*, *Menard v. State*, 427 So. 2d 399, 400 (Fla. 4th DCA 1983). No such waiver occurred here and instead, the trial court proceeded to announce its ruling despite defense counsel's repeated attempts to offer argument.

We must reject the state's argument that the defendant's due process rights were not violated because defense counsel was able to partially argue her closing points and therefore no harm occurred. The state asserts that defense counsel raised hearsay objections during witness testimony and briefly mentioned hearsay and the affirmative defense before the court ruled.

This is not enough. In a similar case in which a defendant was denied the opportunity to present a closing argument, the First District Court of Appeal reversed the order revoking his probation and shed light on why such reasoning is erroneous:

> Appellant was entitled to an opportunity to be heard on the issue of whether he violated his probation. *See Pearson v. State,* 51 So. 3d 1286, 1286 (Fla. 4th DCA 2011); *Estevez v. State,* 705 So. 2d 972, 973 (Fla. 3d DCA 1998) (citing *Black v. Romano,* 471 U.S. 606, 611, 105 S. Ct. 2254, 85 L. Ed. 2d 636 (1985)). This opportunity includes the right to a closing argument. *Pearson,* 51 So. 3d at 1286; *Estevez,* 705 So. 2d at 973. Because we do not know how a closing argument might have affected the judge's perception of the evidence, we decline the State's invitation to

2

deem the denial of closing argument harmless. *Cf. Herring v. New York*, 422 U.S. 853, 862–64, 95 S. Ct. 2550, 45 L. Ed. 2d 593 (1975) (noting that a closing argument may correct misperceptions in what would otherwise appear to be an "open and shut" bench trial and that there is no way for a judge to know if a closing argument will have such an effect without allowing the argument to proceed).

*Fain v. State*, 134 So. 3d 1039, 1040 (Fla. 1st DCA 2013). Here, the defense attorney clearly was seeking the opportunity to offer a closing argument on behalf of her client. Counsel's lack of specific words such as, "May I present closing argument?" was not necessary under the facts of this case and certainly does not negate or otherwise mitigate the violation of the defendant's due process rights that occurred here.

We also must reject the state's argument that any error is likewise harmless because the court merely reinstated the terms of the defendant's probation and sentenced him to time served. In that the violation of probation could work against the defendant's interests on sentencing scoresheets in future criminal proceedings, the state's analysis is not well-founded.

Accordingly, we reverse and remand for a new hearing on the violation of probation, and we direct that the case be assigned to a different trial judge.

*Reversed and remanded with instructions.*

WARNER and GERBER, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

3