NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERT ANDERSON SMITH,                )
                                       )
            Appellant,                 )
                                       )
v.                                     )        Case No. 2D15-1691
                                       )
STATE OF FLORIDA,                      )
                                       )
            Appellee.                  )
_____)

Opinion filed November 18, 2016.

Appeal from the Circuit Court for
Highlands County; Anthony L. Ritenour,
Judge.

Howard L. Dimmig, II, Public Defender,
and Tosha Cohen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa for
Appellee.


CRENSHAW, Judge.

Robert Smith appeals the sentence imposed on his conviction for felony

battery.  Because the trial court committed fundamental error when it departed from its

neutral role during Smith's sentencing, we reverse and remand for resentencing before a new judge.[1]

A jury found Smith guilty of felony battery based on a prior battery conviction but acquitted him of several other charges all stemming from a physical altercation with the victim, his then-girlfriend. Smith scored nine points on his scoresheet, placing him in the range for a mandatory nonstate prison sanction unless the trial court found him to be a danger to the public. See § 775.082(10), Fla. Stat. (2013). At his sentencing hearing the trial court found that Smith was a danger to the public based on Smith's pattern of domestic abuse towards women and sentenced him to five years' imprisonment. The written findings in the trial court's order include: (1) "[t]wo former women placed injunctions on [Smith]"; (2) "[p]rior women have been subjected to [Smith's] violence"; (3) "[t]hese previous women describe similar scenarios of violence as the Victim, to include young children being witness to violence"; (4) "[Smith] appears to have the same [ongoing] problem of violence with each relationship."

While a trial court may ask relevant questions of witnesses at a hearing, the court commits fundamental error when it assumes the role of prosecutor and introduces its own evidence. See Padalla v. State, 895 So. 2d 1251, 1252 (Fla. 2d DCA 2005) ("In the present case, the trial court assumed the role of the prosecutor and, in so doing, committed fundamental error."); Cagle v. State, 821 So. 2d 443, 444 (Fla. 2d DCA 2002) (holding that the trial court committed fundamental error by calling and

---

[1]In light of our reversal, Smith's arguments regarding improperly assessed fines and costs are moot.

examining its own witness at defendant's revocation of probation hearing); <u>Edwards v. State</u>, 807 So. 2d 762, 763 (Fla. 2d DCA 2002) ("The trial court called and did all of the questioning of the two State witnesses, a probation officer and a police officer, turning the witnesses over to the defense for cross-examination."); <u>Lyles v. State</u>, 742 So. 2d 842, 843 (Fla. 2d DCA 1999) ("Whether intentional or not, the trial judge gave the appearance of partiality by taking sua sponte actions which benefitted the State.").

The State had no intention of calling any witnesses other than the victim at the sentencing hearing:

> THE COURT: State, are you wanting other people here for sentencing?
> [STATE]: No, Your Honor, just the victim would like to speak.
> THE COURT: Okay. So you're ready to proceed to sentencing right now?
> [STATE]: Yes, Your Honor.

During the State's direct examination of the victim, she mentioned: "I'm not the only woman he's done this to. I'm just the only one who didn't drop the charges, because they were scared." At this point, the trial court interrupted the State's direct examination to ask the victim whether the other women she mentioned had obtained injunctions against Smith; the victim informed the court that they did.

The trial court then proceeded to conduct its own examination of the victim while simultaneously looking for the injunctions she mentioned. Apparently the court "pulled up a prior domestic" involving Smith and one of the other women mentioned by the victim. The court continued its examination of the victim and eventually turned the

witness back over to the lawyers who each indicated they had no questions.[2]  The State

again informed the court that it did not have anyone else to call.

Defense counsel then called Smith's mother and grandmother to testify on

his behalf.  Through the mother's testimony the trial court learned that one of the other

women mentioned by the victim worked at the courthouse and asked the bailiff to

retrieve her.  Also during the mother's testimony defense counsel advised the court that

Smith's battery of that other woman was the prior battery on his scoresheet which

qualified Smith for felony battery in this case.  Once the defense witnesses were

finished, Smith indicated he did not wish to address the court.

The trial court then called the other woman—who had been working

elsewhere in the courthouse—as its own witness.  The court itself conducted the entire

direct examination of the other woman during which it learned about how she pressed

and later dropped charges against Smith for multiple beatings, specifics regarding the

prior battery conviction that appeared on Smith's scoresheet, and the fact that she has a

permanent injunction against Smith on behalf of her and her son—a child she had with

---

[2]Before the trial court turned the witness back over to the lawyers, the
following exchange occurred between the court and the State:

> THE COURT:  What was the State's reason in not trying to bring in priors?
> [STATE]:  We're not allowed to.
> THE COURT:  We'll discuss it later.

Smith also argues that this amounts to impermissible coaching thus further
compounding the trial court's error in departing from neutrality.  See Chastine v.
Broome, 629 So. 2d 293, 295 (Fla. 4th DCA 1993) ("Obviously, the trial judge serves as
the neutral arbiter in the proceedings and must not enter the fray by giving 'tips' to either
side."); see also Lee v. State, 789 So. 2d 1105, 1107 (Fla. 4th DCA 2001).  In light of
the other improper actions of the trial court we do not address whether this comment
alone amounted to an improper departure from neutrality.

Smith. Defense counsel did not object at any point during this examination. The trial court offered to let the lawyers ask questions of the witness but both declined to do so.[3]

The parties then gave their closing arguments, after which the court recalled the other woman and continued to question her regarding the specifics of Smith's alleged prior attacks. When the court finished its second examination of its own witness, the State again indicated it had no questions for the witness.

At the conclusion of the hearing the trial court found Smith to be a danger to the public, pronouncing the basis for its finding as follows:

> My sentence is based on what I have heard from the victim in this case, and as well as looking up -- we've had prior victims of women, and it appears that you just think this is the way life should be.
>     . . . .
>     I found him a threat to society based on the prior injunctions, the prior women, including scenarios that look like the same problem going on and on. That's it.

Although defense counsel did not object to the trial court's improper actions in this case, the court's conduct in this case amounts to fundamental error. See Cagle, 821 So. 2d at 444. We recognize that "not every act of judicial impartiality will qualify as fundamental error." Williams v. State, 901 So. 2d 357, 359 n.3 (Fla. 2d DCA 2005) (citing Mathew v. State, 837 So. 2d 1167, 1170 (Fla. 4th DCA 2003)). But here, the trial court called its own fact witness who provided a substantial portion of the testimony against Smith. And the trial court specifically indicated that its ruling was based on the testimony of its own witness. Thus, the trial court assumed the role of the prosecutor and committed fundamental error by "depriv[ing] the defendant of the fair

---

[3]After the witness stepped down, the State informed the trial court that the other woman mentioned by the victim was twenty-five minutes away and willing to testify. The trial court informed the State that this was "not needed."

and impartial tribunal which is the cornerstone of due process." <u>Cagle</u>, 821 So. 2d at 444. The State argues that "the court properly sought the information necessary to decide whether or not [Smith] was a danger to society, as was required by [section 775.082]." However, nothing in section 775.082 authorizes the trial court to step into the role of the prosecutor during sentencing. Accordingly, we must reverse Smith's sentence and remand for resentencing before a different judge. <u>See</u> <u>Edwards</u>, 807 So. 2d at 764.

Reversed and remanded for resentencing.

SILBERMAN and BADALAMENTI, JJ., Concur.