# Third District Court of Appeal

## State of Florida

Opinion filed March 24, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-485
Lower Tribunal No. F20-10733
_____

**Nestor Miranda,**
Petitioner,

vs.

**James Reyes, etc., et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and Nicholas Lynch, Assistant Public Defender, for petitioner.

Ashley Moody, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for respondent, State of Florida.

Before EMAS, LOGUE and MILLER, JJ.

PER CURIAM.

Nestor Miranda petitions for a writ of habeas corpus reinstating his release on house arrest after a circuit court revoked his house arrest and increased his bond sua sponte. We grant the writ, because the trial court did not have the requisite probable cause to order defendant to undergo drug testing.

**Background**

Awaiting trial, Miranda was released on house arrest to live with his mother without any express requirement for drug testing. While Miranda was on house arrest, the court received an ex parte email alleging, among other things, that Miranda was taking illegal drugs. The email was sent directly to the court but not to the parties. It purported to be written by a third party who indicated she was sending this on behalf of Miranda's mother, with whom Miranda was living while on house arrest. The court set a hearing, ordering Miranda to appear before it. Initially, the hearing was conducted via video conference; during the remote hearing, however, and without disclosing the contents of the email, the court ordered Miranda to appear in person in one hour for a continuation of the hearing in person. When Miranda's attorney asked the purpose for the hearing, the court responded, "I'll let you know." The prosecutor later acknowledged that the "State was at a loss as to why the case was on the record."

Once the parties appeared in person, the court, while still not disclosing the email upon which it was acting, began the hearing by immediately placing Miranda under oath and examining him on its own accord. During the court's questioning, Miranda confirmed that the conditions of his release prohibited him from taking illegal drugs, and he stated he had not used such drugs in the last thirty days. Without making any findings on the record indicating that the court observed Miranda to be impaired or under the influence of drugs at the hearing, the court then ordered the bailiff to administer a drug test immediately.

While Miranda was providing a sample for the court-ordered drug test, the court, for the first time, disclosed the email to the lawyers for the State and the defense. The court also read portions of the email aloud although the email was never identified as an exhibit or entered into the record. When Miranda returned, the bailiff reported Miranda tested positive for cocaine. On the court's own motion, the court revoked Miranda's house arrest and increased Miranda's bond amount. The court explained, "I am . . . revoking his house arrest, not based upon what someone else said, but because of a positive drug test." Miranda failed to post bond, was taken into custody, and filed this petition.

## Analysis

Miranda freely concedes that a positive drug test would qualify as a change in circumstance for purposes of modifying bond. He contends, however, that the court did not have probable cause to order Miranda to submit to a drug test in the first place. Given these circumstances, we agree.

Because drug testing was not a condition of Miranda's release, probable cause was required to order Miranda to submit to a drug test. The fact that Miranda tested positive obviously does not establish probable cause to order the test in the first place. Miranda's testimony at the hearing also does not establish probable cause because he testified that he had not used drugs. The question thus arises whether probable cause for the court-ordered drug test was established by the email that the judge personally received.

We analogize the email in this case to information provided by a citizen informant and relied upon by law enforcement for establishing probable cause. When a citizen informant's tip is relied upon to establish probable cause for a search or arrest, the tip is ordinarily supported by an affidavit or other sworn testimony that at a minimum (1) authenticates the receipt of the tip by a member of law enforcement and (2) provides either some information about the reliability of the informant or some testimony that the officer has

4

personal knowledge corroborating some aspects of the tip. See, e.g., U.S. Const. amend. IV (referring to "probable cause, supported by Oath or affirmation"); Illinois v. Gates, 462 U.S. 213, 243 (1983); Moreno-Gonzalez v. State, 67 So. 3d 1020, 1026 (Fla. 2011) (explaining that the requirement "that affidavits in support of search warrants be sworn to is to render law enforcement officers subject to charges of perjury for false statements that are offered under oath").

In the instant case, the "tip" was provided by a citizen who identified herself by name, but she relayed only hearsay information provided to her by another. In other words, the tip was not based on personal knowledge, let alone sworn testimony. There was no authentication or corroboration of the hearsay statements contained in the email, nor did the court indicate that it observed Miranda to be impaired or under the influence. Under these circumstances, this case falls squarely within the holdings of Reyes v. McCray, 879 So. 2d 1269, 1270 (Fla. 3d DCA 2004) (issuing writ of habeas corpus based upon a trial court's sua sponte order of a defendant's drug test without probable cause), and Smith v. McRay, 907 So. 2d 575, 576 (Fla. 3d DCA 2005) ("The record shows that the petitioner did not violate a court order or court decorum. In addition, the trial court did not make any findings that the petitioner was in any way impaired at the hearing. Simply put, there was

no probable cause to take the petitioner into custody"). For the same reason, this case falls outside the holdings where a tip was made to an officer and supported by an officer's affidavit. State v. Gonzalez, 884 So. 2d 330, 333 (Fla. 2d DCA 2004) ("The issue here is whether the factual allegations in the affidavit, including the hearsay evidence provided by the informants' calls, were sufficient for the magistrate").

Accordingly, we grant the petition for writ of habeas corpus and direct the trial court to reinstate Miranda's release on house arrest and for other proceedings consistent with this opinion.

LOGUE, J., concurring.

I concur in issuing the writ but for a different reason. I view this matter as involving the pitfalls that can occur when a judge receives information outside the judicial process accusing a criminal defendant of committing crimes while on house arrest. With the advent of social media, I believe trial courts will be confronted with more cases like this one.

Because the court did not immediately disclose the email to the parties to allow them to authenticate and investigate it, the court assumed the role of proponent of the accusations in the email as a basis for the drug test while also continuing its role as the judge ruling on their authenticity and reliability. In fact, prior to disclosing the email to the parties, the court took substantial judicial actions in reliance on it including ordering Miranda to personally appear in court, examining Miranda under oath apparently in an attempt to corroborate the email, and ordering the drug test.

Trial courts must be mindful of the limits imposed by the judicial role. With very few exceptions, the court's role does not include initiating investigations to establish that probable cause exists. The court's role is constrained to adjudicating such issues if and when the parties seek such an adjudication. See, e.g., Smith v. State, 205 So. 3d 820, 823 (Fla. 2d DCA

7

2016) (trial court that called its own witness in sentencing hearing departed from the role of neutral arbitrator); H.L.D., Jr. v. State, 83 So. 3d 750, 753 (Fla. 5th DCA 2011) ("[A] judge may not independently investigate facts outside the presence of the parties except when expressly authorized by law to do so."); R.O. v. State, 46 So. 3d 124, 126 (Fla. 3d DCA 2010) ("A court may not ask questions or make comments in an attempt to supply essential elements to the State's case.").