# Third District Court of Appeal
## State of Florida

Opinion filed January 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1662
Lower Tribunal No. F23-21321
_____

**Derek Rosa,**
Petitioner,

vs.

**State of Florida,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Richard Hersch, Judge.

Baez Law Firm, and Rosemarie Peoples; The Rielo Law Firm, and Dayliset Rielo; Langer Law, and Stephanie Langer, for petitioner.

Ashley Moody, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for respondent.

Before LOGUE, C.J., and EMAS and SCALES, JJ.

LOGUE, C.J.

Derek Rosa, a juvenile, petitions for a writ of certiorari to quash the trial court's August 29, 2024 and September 6, 2024 orders requiring the disclosure of private medical and other information.

This is an extraordinary case. Derek Rosa is a fourteen-year-old charged by a grand jury indictment with first degree murder in the stabbing death of his mother. He is currently being held in a Miami-Dade County Department of Corrections facility that primarily houses adult offenders. He and other juveniles in his status are segregated from the adult population for their own safety and well-being.

While considering Derek Rosa's motion for remand to a juvenile facility, which involved extensive evidence of the juvenile's medical and other records, the trial court entered the August 29, 2024 order requiring the juvenile to share his "medical, mental health, psychological and social work records" "with counsel for Miami-Dade County Corrections." The order further provided that the records "will remain confidential and only disclosed on an as needed basis to appropriate personnel within Miami-Dade Corrections and only for the benefit of the Defendant."

In response, the juvenile filed a motion for a protective order, which the trial court denied in the September 6, 2024 order. The trial court noted that production of certain educational records was "moot" because the Counsel

2

for Miami-Dade County Corrections indicated no interest in them. The trial court, however, ordered the production of certain medical records to the court for consideration for filing in the court file. The trial court also placed more stringent conditions on distribution of the records to protect the privacy of the records, including advising the Counsel for Miami-Dade County Corrections that failure to protect the privacy of the records could lead to sanctions. In response, the juvenile timely filed the subject petition for certiorari.

"A patient's medical records enjoy a confidential status by virtue of the right to privacy contained in the Florida Constitution, and any attempt on the part of the government to obtain such records must first meet constitutional muster." State v. Johnson, 814 So. 2d 390, 393 (Fla. 2002). "The right to privacy," however, "is not absolute and will yield to compelling governmental interests." Id.

The most unusual and salient circumstance in this case is that the trial court entered its original order sua sponte. The records were never requested by the State Attorney, the State of Florida, or the Miami-Dade Department of Corrections. Indeed, when served with this petition, these entities declined to oppose the juvenile's petition. In these circumstances, we find the record does not contain the required "compelling governmental interests" required to overcome the juvenile's right to privacy.

We respect and acknowledge the care and insight behind the actions of the seasoned trial judge in this extraordinary case. At the same time, we caution that trial courts must be mindful of the limits imposed by the judicial role. With very few exceptions, the court's role does not include initiating matters but instead is limited to adjudicating matters properly raised by interested parties. See, e.g., Smith v. State, 205 So. 3d 820, 823 (Fla. 2d DCA 2016) (holding trial court departed from the role of neutral arbitrator by calling its own witness during sentencing hearing); H.L.D., Jr. v. State, 83 So. 3d 750, 753 (Fla. 5th DCA 2011) ("[A] judge may not independently investigate facts outside the presence of the parties except when expressly authorized by law to do so."); R.O. v. State, 46 So. 3d 124, 126 (Fla. 3d DCA 2010) ("A court may not ask questions or make comments in an attempt to supply essential elements to the State's case.").

Accordingly, we quash the orders under review without prejudice to the entry of such orders if and when an interested party files a motion seeking access to the confidential records at issue and demonstrates the required "compelling governmental interests." Johnson, 814 So. 2d at 393.

Petition granted; orders quashed.