PER CURIAM.
We find error in a trial court order striking the defendants’ pleadings, and entry of a default against the defendants, as a sanction for failure to make properly noticed discovery, or to acquire new counsel within a time certain ordered by the court, because the trial court failed by order to properly notify the defendants of the consequences of the failure to do the above referred to particular acts. Under the circumstances, the ultimate sanction of default was too harsh a penalty as lesser sanctions would suffice to ensure compliance with the court’s order and the rules of procedure for discovery. In addition, the appellee has not demonstrated prejudice. Accordingly, we reverse the order and remand with directions to the trial court to impose less severe sanctions. See Owens v. Howard, 662 So.2d 1325 (Fla. 2d DCA 1995); Kleinschmidt v. Gator Office Supply & Furniture, Inc., 551 So.2d 515 (Fla. 3d DCA 1989), review denied, 560 So.2d 233 (Fla. 1990); Biding v. E.F. Hutton & Co., 522 So.2d 878 (Fla. 2d DCA 1988), review denied, 531 So.2d 1352 (Fla.1988).
Reversed and remanded with directions.