867 So.2d 1211 (2004)
Ralph MIZRAHI, Appellant,
v.
Noemi MIZRAHI, Appellee.
No. 3D03-644.
District Court of Appeal of Florida, Third District.
March 10, 2004.
*1212 Paul Morris, Miami; and Andrew H. Boros, Coral Gables, for appellant.
Lehr Fischer Feldman & Gasalla, and Martin E. Feldman, Coconut Creek, for appellee.
Before FLETCHER, RAMIREZ, and SHEPHERD, JJ.
RAMIREZ, J.
The former husband Ralph Mizrahi (the father) appeals the trial court's orders denying his motion for contempt and denying his motion for rehearing. The former wife Noemi Mizrahi (the mother) cross-appeals the order denying the father's motion for contempt which denies her attorneys' fees and costs. We affirm the trial court's orders in all respects except that portion where the trial court modified the children's travel restrictions because it violated the father's due process rights. We also affirm the mother's cross-appeal.
In October of 1990, the trial court entered a final judgment dissolving the parties' marriage and adopted the parties' Marital Settlement Agreement. The Marital Settlement Agreement contained a provision relating to attorneys' fees and costs as follows:
19. Default. In the event either party defaults in the performance of their obligations hereunder, the party in default shall be liable to the non-defaulting party for all reasonable attorneys' fees and costs in the enforcement of the obligations created by this Agreement, including costs and fees of any appeal.
The General Master subsequently addressed various post-dissolution issues. On May 9, 1991, the trial court entered an order on the report of the General Master, and adopted the report and recommendation of the General Master. The General Master's report contained a provision that stated, "[t]he parties must agree as to when the children may travel out of the country. Plans should be made well in advance so that if the parties cannot agree, the matter can be addressed by the court." The mother filed no objection to the travel restriction, and the father did not appeal the trial court's order adopting the report and recommendation of the General Master.
The father then filed a Verified Motion for Contempt for the mother's failure to comply with the shared parenting requirements and a motion for injunction to prevent future travel of the two minor children. The father claimed that the mother had allowed one of the minor children to travel on a vacation outside the country for a few days on a cruise with the mother's friends and family. The father's counsel at the time did not refer to the travel restriction contained in the May 9, 1991 order. The trial court held a full evidentiary hearing on July 9, 2002, after which the trial court denied the motion. The trial court, not having been apprised of the *1213 May 9, 1991 order, was not aware of any travel restriction.
The father then filed a motion for rehearing, attaching the May 9, 1991 order adopting the report and recommendation of the General Master to the motion for rehearing and argued that he had found this order entered subsequent to the Marital Settlement Agreement which barred the minor children from traveling. The mother argued that the motion for rehearing should be denied because the father was aware of the existence of that additional order and failed to present any argument on it at the hearing. The court denied the father's motion for rehearing.
Through new counsel, the father thereafter filed a second motion for contempt on October 10, 2002, his Verified Motion for Contempt for Mother's Failure to Abide by Court Order. He alleged the same factual basis as his first motion for contempt and referred to the May 9, 1991 order containing the travel restriction. The father further alleged that the mother knowingly violated the May 9, 1991 order when she permitted the minor son to travel outside the U.S. without the father's permission. The father also alleged that the mother was aware of the travel restriction.
A full evidentiary hearing was held on the father's second motion for contempt. The father stated that he had given the son permission to take the trip, but was not told that the trip was outside of the United States. He did not give permission for a trip outside the country. The mother testified that she was aware of the travel restriction order, received a copy of it, and understood it. The court denied the father's motion and entered its order on January 23, 2003, concluding that "there is no basis for barring the children's future traveling."[1] This order further denied attorneys' fees and costs to the mother. The father filed a motion for rehearing, contending that the order modified the preexisting travel restriction order of May 9, 1991 without notice to him and thus violated his due process rights. The trial court denied the motion for rehearing.
The father now seeks reversal of the January 23, 2003 order on three grounds, one of which merits discussion. The father contends, in part, that the trial court's order must be reversed because it violates his due process rights. He states that the order was entered without notice to him, and the issue of the minor children's future traveling was not tried by consent of the parties. We agree with the father that by ruling on an issue that was not before the court, the trial court violated the father's right to due process.
Due process protections prevent a trial court from deciding matters not noticed for hearing and not the subject of appropriate pleadings. See Fickle v. Adkins, 394 So.2d 461 (Fla. 3d DCA 1981). In the case before us, the father requested a hearing on his motion to hold the mother in contempt for violating the trial court's travel restriction order which prohibited travel outside the country by the parties' children without the consent of both parents or court approval. After the evidentiary hearing on the father's motion was held, the trial court entered an order denying the father's motion for contempt. This order modified the travel restriction order because the order stated, "[t]he court further concludes, as did Judge Rodriguez, there is no basis for barring the children's future traveling." In essence, this language *1214 basically nullified the travel restriction contained in the May 9, 1991 order. This violates the father's due process rights because it was entered without notice to the father. See Cummings v. Cummings, 662 So.2d 769 (Fla. 4th DCA 1995). In addition, the May 9, 1991 order restricting the children's travel was not pled in the proceedings before Judge Rodriguez, and it was not tried by consent of the parties. We agree with the father that the minor children are not allowed to travel outside the country without permission of both the father and the mother, unless the travel plans are approved by the court or until the travel restriction order is properly noticed and modified. As such, this portion of the order must be reversed. See Neumann v. Neumann, 857 So.2d 372 (Fla. 1st DCA 2003).
In addition, we do not agree with the mother's position that if the parties intended a general restriction on the minor children traveling, then the language in the May 9, 1991 order would have used "if" and not "when." The May 9, 1991 order states the following:
I) The parties must agree as to when the children may travel out of the country. Plans should be made well in advance so that if the parties cannot agree, the matter can be addressed by the court. (emphasis added).
We believe that the use of the word "when" in the May 9, 1991 order represents a restriction upon international travel by the children without consent of the parties or court approval.
Turning to the mother's cross-appeal of the same order, she contends that the trial court erred in denying her attorneys' fees and costs because the Marital Settlement Agreement authorized such for a prevailing party. We disagree.
Under the Marital Settlement Agreement, the "party in default shall be liable to the non-defaulting party for all reasonable attorneys' fees and costs in the enforcement of the obligations created by this Agreement, including costs and fees of any appeal." In the case before the trial court, it was not alleged nor found that the father was in default of his obligations under the Marital Settlement Agreement. That action arose from the father's claim that the mother violated the May 9, 1991 order which required parental agreement or court approval for travel outside the country by the parties' minor children. As such, the mother's request for fees and costs was properly denied.
Furthermore, we do not agree with the mother's position that the father's action was frivolous and she is thus entitled to attorneys' fees under section 57.105, Florida Statutes. The trial court did not abuse its discretion in denying her attorney's fees and costs pursuant to section 57.105 because the father was not litigating an issue that had already been adjudicated. As previously discussed, the father requested that the trial court hold the mother in contempt for violating the May 9, 1991 travel restriction order. This was an issue which the trial court had not previously addressed. In his first motion for contempt, the father had simply argued that the mother had violated the shared parenting requirements and did not reference any court order. We thus do not see the father's second motion for contempt as an attempt by the father to relitigate the same issues that had been brought before the trial court on the father's first motion for contempt, and find that the father's second motion for contempt was not frivolous.
Accordingly, we affirm the trial court's January 21, 2003 order which denies the father's verified motion for contempt and *1215 reverse only that portion which modifies the May 9, 1991 order containing the travel restriction. Furthermore, we affirm the portion of the January 21, 2003 order which denies the mother's motion for attorneys' fees and costs.
Affirmed in part and reversed in part.
NOTES
[1] This language was inserted by counsel who was allowed to draft the order, a practice fraught with risk.