ROTHENBERG, J.
Jaden Lane, LLC, the predecessor-in-interest to Keys Island Properties, LLC (“the appellant”), filed the instant lawsuit seeking to enforce an easement, created in 1895, on Daniel E. Crow, II, et al.’s (“the appellees”) property. The trial court entered final judgment in favor of the appel-lees, determining that the easement had been extinguished by a 2003 quiet title action (“the quiet title action”). In so holding, the trial court noted that the plaintiff in the quiet title action, Charles William Ansell, II (“Ansell”), had filed the quiet title complaint to establish his various ownership interests in the dominant *330 and servient tenements, and that the quiet title action featured all parties having any claim thereto. The trial court further determined that the easement had been placed at issue in the quiet title action because Ansell had attached a survey to the quiet title complaint depicting all the relevant parcels of land, including one that made reference to a “cone alleyway,” which the appellees contend represents the easement. Finally, the trial court observed that the parties to the quiet title action ultimately stipulated to a final judgment, but did not specifically provide for an easement in its final metes and bounds description. On these facts, the trial court determined that “[ajlthough a part of the Complaint, the easement was not part of the Final Judgment and thus, it was extinguished.” We reverse, as we conclude the quiet title action did not concern, and therefore did not affect, the easement at issue.
Upon review of the pleadings in the prior quiet title action, it is evident that no issue with respect to the easement, or its extinguishment, was properly pleaded. Florida Rule of Civil Procedure 1.110(b)(2) requires that “a pleading which sets forth a claim for relief ... must state a cause of action and shall contain ... a short and plain statement of the ultimate facts showing that the pleader is entitled to relief.” In the quiet title action, however, neither the pleadings nor the prayer for relief contained any mention of the easement. In the complaint, the plaintiff sought only “to quiet and confirm title” and establish his varying ownership interests in the relevant parcels of land, including a one-third interest in the dominant tenements, and one hundred percent interest in the ser-vient tenement.[1],[2] Such relief, however, is not germane to the existence or extin-guishment of an easement, which “is a right distinct from ownership of the land itself and does not confer title to the land on which the easement is imposed.” Wingate v. Wingate, 84 So.3d 427, 429 (Fla. 1st DCA 2012) (citing Platt v. Pietras, 382 So.2d 414, 416 (Fla. 5th DCA 1980)); see also Dean v. MOD Props., Ltd., 528 So.2d 432, 433 (Fla. 5th DCA 1988) (explaining that “[o]wnership of land, or an ownership interest in land, constitutes an ‘estate’ as distinguished from an easement, which is the right in one other than the owner of the land to use land for some particular purpose or purposes”).
We also reject the trial court’s conclusion that the survey attached as an exhibit to the complaint placed the easement or its extinguishment at issue. Clearly, the inclusion of the survey, in and of itself, did not satisfy the requirements of rule 1.110(b)(2) because it did not constitute “a short and plain statement of the ultimate facts showing that the pleader is entitled to relief.” (emphasis added). In addition, given the specified prayer for relief, which did not relate to the easement, the survey fell far short of placing the parties on notice that the easement or its extinguishment was at issue. As the appellants explain, to hold otherwise would facilitate, if *331 not promote, the taking of property interests by ambush.
Thus, no issue relating to the easement was properly pleaded, and neither the parties nor the trial court were put on notice regarding any potential for the extinguishment of the easement. Under these circumstances, the trial court lacked jurisdiction to extinguish the easement. See Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC, 986 So.2d 1244, 1252 (Fla.2008) (quoting Carroll & Assocs., P.A. v. Galindo, 864 So.2d 24, 28-29 (Fla. 3d DCA 2003)) (noting that “Florida law clearly holds that a trial court lacks jurisdiction to hear and to determine matters which are not the subject of proper pleading and notice” and “[t]o allow a court to rule on a matter without proper pleadings and notice is violative of a party’s due process rights”) (emphasis removed); Mizrahi v. Mizrahi, 867 So.2d 1211, 1213 (Fla. 3d DCA 2004) (“Due process protections prevent a trial court from deciding matters not noticed for hearing and not the subject of appropriate pleadings.”). Therefore, the failure of the parties to provide for the easement in the final judgment could not have resulted in its extinguishment.
Finally, we conclude that the trial court’s reliance on Estate of Johnston v. TPE Hotels, Inc., 719 So.2d 22 (Fla. 5th DCA 1998), was misplaced. In Johnston, the owners of the dominant and servient tenements of an express, perpetual easement joined to dedicate and record a plat encompassing both properties. Id. at 24. When recording the plat, however, the parties made no reference to the easement. Id. The Fifth District analyzed the effect of these actions on a subsequent purchaser of the servient tenement who, after relying on the plat, had no notice of the easement.
The Fifth District noted that the specific purpose of a plat “is to protect subsequent purchasers of the property in the subdivision so that by studying the plat or map they can determine what rights and burdens are imposed on the property by the dedicators.” Id. at 28; see also 35 Fla.Jur. 2d Maps, Plats, & Surveys § 10 (2012) (“The regulation and control of platting of land is governed by consistent minimum statutory requirements, the main purpose of which is to protect and inform the public, especially innocent purchasers. Consequently, any inconsistency or ambiguity in the plat is construed against the developer who created it.”) (footnotes omitted). Because of the special protections afforded by a plat, the Fifth District determined that:
[the actions of the owners] in platting both tenements and omitting mention of the prior recorded easement should be construed against them.
[[Image here]]
[S]ince both of the owners of the ser-vient and dominant tenements joined in the dedication of the plat and the plat failed to disclose the easement, they should be held, as against subsequent purchasers pursuant to the plat without notice, to the representation of the subdivision, as shown on the recorded map.
Id. at 27-28 (emphasis added). Thus, the Fifth District held that “the successor owner of the dominant tenement ... [was] estopped to claim any continuing right to the perpetual easement.” Id. at 27.
Unlike in Johnston, this case features a final judgment, rather than a plat. As a result, the special protections afforded by a plat do not apply here. Further, in this case, the successor-in-interest to the ser-vient tenement was not a bona fide purchaser without notice of the easement. Thus, the principles articulated in Johnston are wholly inapplicable.
*332 In holding that the quiet title action did not extinguish the 1895 easement, we take no position on the current nature of the easement, be it express or implied, the easement’s current dimensions, or whether the easement may have been extinguished by virtue of some other legal mechanism. The parties are, of course, free to litigate these issues should they so choose.
Reversed.

. Importantly, the easement was not thrust into issue by the potential for ‘'merger” because the plaintiff did not seek to establish coextensive, equal ownership interests in the dominant and servient tenements. See Lacy v. Seegers, 445 So.2d 400, 401 (Fla. 5th DCA 1984) (explaining that an easement may be extinguished under the doctrine of “merger” when there is-a “unity of ownership,” which occurs only when the ownership interests in the dominant and servient tenements are "coextensive and equal in validity, quality, and all other circumstances of right”).

. We also note that since the plaintiff was seeking to establish his sole ownership of the dominant tenements, he would have benefited from the easement’s existence, and thus likely had no interest in extinguishing it.