EMAS, J.
Johanna Faddis, the plaintiff below, appeals the trial court’s entry of a final judg *1135 ment in favor of the City of Homestead and other defendants below, following an order striking Faddis’s pleadings as a sanction for committing a fraud upon the court. Given the severity of the sanction, we review the trial court’s order under a “somewhat narrowed” abuse of discretion standard. Empire World Towers, LLC v. CDR Créances, S.A.S., 89 So.3d 1034, 1038 (Fla. 3d DCA 2012) (citing Williams v. Miami-Dade Cnty. Pub. Health Trust, 17 So.3d 859 (Fla. 3d DCA 2009)).
The record contains competent substantial evidence to support the trial court’s determination, by clear and convincing evidence, that Faddis’s misconduct, including intentional acts of perjury on a central and material issue, was undertaken with intent to deceive, constituted a deliberate scheme to subvert the judicial process, and amounted to a fraud upon the court. See generally Suarez v. Benihana Nat’l of Fla. Corp., 88 So.3d 349 (Fla. 3d DCA 2012); Bertrand v. Belhomme, 892 So.2d 1150 (Fla. 3d DCA 2005).
The trial court did not abuse its discretion in striking Faddis’s pleadings and entering final judgment in favor of the defendants below, as the record amply demonstrates Faddis “sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party’s claim or defense.” Empire World Towers, 89 So.3d at 1038 (quoting Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998) and Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989)).
Affirmed.