SILBERMAN, Judge.
Jeffrey S. Grove (the Husband) appeals the nonfinal Amended Order on Wife’s Motion for Temporary Relief (the Amended Order) and raises two issues. First, he challenges the award of temporary alimony in favor of Karen B. Grove (the Wife). We affirm this issue without discussion. Second, the Husband challenges paragraph H of the Amended Order that requires the parties to comply with the “Notice to Litigation Parties with Minor Children” that the Wife served at the commencement of the litigation (the Notice). We reverse that portion of the Amended Order and remand for the trial court to strike paragraph H of the order.
Paragraph H of the Amended Order provides:
The Court hereby incorporates as part of this Temporary Order the provisions *678 of the Notice to Litigation Parties with Minor Children served at the commencement of this case consistent with the procedures of the Sixth Judicial Circuit. The Court hereby directs that the obligations addressed therein shall be henceforth observed by the parties, and each of the parties shall comply with the express terms and provisions thereof without exception.
The Husband contends that the trial court in effect entered an overly broad injunction that mandates his compliance but without notice to him that the court would consider this issue. The Notice contained in the appendix was served on the Husband and is signed by the Wife’s counsel.[1] The issue of compliance with the Notice was not mentioned in the Wife’s motion or at the hearings on her motion.
Thus, the Husband was not on notice that the trial court was going to mandate compliance with the Notice that concerned his financial affairs and the minor child, including contact, parenting, and other aspects of his relationship with the child. This violated his due process rights. See Mizrahi v. Mizrahi, 867 So.2d 1211, 1214 (Fla. 3d DCA 2004) (stating that modification of a travel restriction regarding the children without notice to the father violated his due process rights); Cummings v. Cummings, 662 So.2d 769, 770 (Fla. 4th DCA 1995) (stating that modification of travel restriction without notice to the wife violated her due process rights).
Therefore, we reverse the Amended Order as to Paragraph H and remand for the trial court to strike that paragraph. The trial court may reconsider the matter after notice to the Husband.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and MORRIS, JJ., Concur.

. The Wife refers to the Notice as an administrative order and asserts that it was issued by the chief judge of the circuit. However, no administrative order has been provided to this court in response to our order directing submission of any such administrative order.