# Third District Court of Appeal

## State of Florida

Opinion filed .
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-85
Consolidated: 3D13-2612
Lower Tribunal No. 11-20930

_____

**Celebrity Cruises, Inc.,**
Appellant,

vs.

**Vicente J. Fernandes,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Holland & Knight, Rodolfo Sorondo, Jr. and Christopher Bellows, for appellant.

Meister Law and Tonya J. Meister; Colson Hicks Eidson Colson Matthews Martinez Gonzalez Kalbac & Kane, Maureen E. Lefebvre and Ervin A. Gonzalez, for appellee.

Before WELLS, EMAS and LOGUE, JJ.

WELLS, Judge.

Celebrity Cruises, Inc., the defendant in this negligence action brought by an injured seaman, appeals from a default final judgment entered after its pleadings were stricken as a discovery sanction. Because the sanction order was entered without prior notice or opportunity to be heard, we reverse the judgment predicated on it and remand for further proceedings consistent with this opinion.

This action was filed on July 6, 2011, by Vicente J. Fernandes a seaman allegedly injured during a fight with another crewmember while aboard a Celebrity cruise ship. Early on and in response to interrogatories propounded with the initial complaint, Celebrity disclosed that the altercation had been witnessed by a number of crewmembers.

On October 14, only three months after this action was filed, Fernandes's counsel notified the court and opposing counsel that she would be unavailable for approximately 10 weeks, or through December 30, 2011, due to a planned leave. Despite the fact that counsel was unavailable to move this case forward and that no depositions had been taken or discovery conducted, on December 5, Fernandes's counsel notified the court that this case was at issue and ready for trial. Two days later, on December 7, 2011, an order was issued setting this matter for trial for the one-week trial period commencing March 19, 2012. That order, among other things, required the parties (1) within 60 days of Monday of the week of March 19—that is, by January 19—to exchange the names and addresses of all expert

witnesses and to complete all medical evaluations and examinations; (2) within 45 days of Monday of the week of March 19—that is, by February 4—to exchange written witness and exhibit lists and to make all exhibits available to opposing counsel for copying and examination; and, (3) within 15 days of Monday of the week of March 19—that is, by March 4—to have completed all discovery and pre-trial motions and to have attended mediation.

Needless to say, none of this was going to nor actually did happen.

On December 28, Celebrity propounded its first set of interrogatories and request for production on Fernandes. On January 17, 2012, Celebrity filed an unopposed motion to continue the trial representing that Fernandes had not yet been deposed nor had he undergone a compulsory medical examination. Celebrity also advised the court below that virtually no discovery had taken place and that the action was "not ready to be tried." Shortly thereafter, Fernandes requested an extension of time to respond to Celebrity's discovery requests. The trial was continued to September 2012.

On February 22, 2012, counsel for Fernandes notified the court and opposing counsel that she would be unavailable to advance this litigation for one week at the end of March and for another week at the end of June 2012. On May 18, Celebrity filed its privilege log. It simultaneously noticed the filing of its

responses to Fernandes's request for production, request for admissions, and interrogatories.

On June 7, Fernandes moved to compel Celebrity to provide dates for the depositions of the crewmember who allegedly assaulted Fernandes and the crewmembers who investigated the incident; Fernandes also sought to compel a date on which he might inspect the vessel on which the fight occurred. An agreed order on this motion was entered requiring Celebrity within 7 days to provide Fernandes with dates for the requested depositions which were to take place within 60 days. That same day, July 11, 2012, the trial was continued again, this time to the three week trial period beginning February 4, 2013. Less than a week later, Fernandes's counsel notified the court that she already had a trial set for that week and would be unavailable for trial of this matter at that time.

On August 20, 2012, Celebrity notified Fernandes's counsel that the vessel on which Fernandes allegedly was injured had been on "the west coast consistently throughout the year," but that it would be in Ft. Lauderdale on December 19, 2012 and January 18, 2013 and could be inspected locally on those days. Fernandes's counsel advised Celebrity that she would inspect the vessel on December 19 in Ft. Lauderdale.

Two days later, Celebrity notified Fernandes's counsel that its corporate representative would be available for deposition on either November 13 or 15,

4

2012. While Fernandes was willing to take this deposition at the beginning of October, she refused to wait until mid-November and moved to compel not only a more timely date for the deposition of Celebrity's corporate representative but also compliance with the July 11 order to provide dates for the depositions of the crewmember who allegedly injured Fernandes and the crewmembers who investigated the incident in which he was injured. The motion to compel a more timely date for the corporate representative's deposition was, in effect, denied, with the deposition being ordered for November 15, one of the dates proposed by Celebrity. With regard to the other depositions, Celebrity was ordered to provide a date for the deposition of investigator Ira Warder and shipboard investigator or investigators within 7 days.

That same day, September 27, 2012, Celebrity moved to compel Fernandes, a resident of India, to appear in Miami for his deposition and a compulsory medical examination. Shortly thereafter, Fernandes moved to compel the depositions of 11 crewmembers who allegedly had knowledge of the incident in which Fernandes claimed he was injured. On September 27, Fernandes was ordered to appear within 45 days to be deposed and examined and to appear in Miami for trial. In a separate order dated October 18, 2012, Celebrity was ordered to provide, within 30 days, the "schedule, ship assignment and deposition availability [for the crewmembers who had been identified by Celebrity as witnessing the fight],"

5

along with their contact information. Celebrity also was ordered to provide, within 30 days, contact information for those crewmembers no longer employed by it. Finally the court ordered Fernendes's deposition to be taken first before the deposition of any of these crewmembers.

On October 29, Celebrity advised Fernandes's counsel that one of the ship's investigators, Anton Kogan, was currently aboard a Celebrity ship in Europe but that the ship would be in port in Miami in December and that Celebrity was "aiming for Dec 3 in Miami" for his deposition, if not in person then via telephone. In response, Fernandes's counsel agreed to take Kogan's deposition on December 3, if she were available and if not during the second week in December. Counsel for Fernandes further advised that she would be taking Ira Warder's deposition on November 28. Upon receipt of this information, Celebrity advised that December 3 was not an option for Kogan but agreed to Fernandes's counsel's suggestion of the following week and offered either December 7, 8, or 10, for Kogan's deposition. But because Celebrity's counsel was set for trial during the week of December 7, Celebrity notified Fernandes's counsel that it was not available for depositions during that week after all. Celebrity also inquired about Fernandes's availability for deposition which was to take place before that of any crewmember and by mid-November. While stating that she was "happy to work with [counsel for Celebrity] on the dates for the deposition of Anton Kogan, the ship board

investigator, to accommodate [his] trial," Fernandes's counsel advised that if a date for this deposition was not provided within a week, she would "seek court intervention." As for Fernandes's availability, she further advised Celebrity that she would "let [it] know."

When Celebrity was not able to provide deposition dates to counsel for Fernandes as demanded, Fernandes filed a motion to sanction Celebrity for its failures to comply with the July 11 and September 27 court orders to provide dates for crewmember and investigator depositions. This motion was never heard because the parties jointly moved on December 17 to continue the scheduled trial. In that joint motion, the parties represented that it would be best if the trial were continued (1) because only the deposition of investigator, Ira Warder, had been taken; (2) because the deposition of Celebrity's corporate representative had commenced but had not yet been completed because of scheduling conflicts[1]; (3) because the parties were working with each other to schedule a deposition of the ship's other investigator, Anton Kogan, which had not been taken because he "recently [had] been off contract and unavailable"[2]; and (4) because Fernandes— who was to be deposed before the crewmembers—"ha[d] encountered difficulty

[1] The corporate representative's deposition subsequently was set to continue on January 17, 2013.

[2] Kogan's deposition subsequently was set for February 1, 2013.

7

securing a travel visa, frustrating efforts to coordinate his deposition." The trial was reset for the three week trial period commencing May 6, 2013.

In February 2013, Fernandes moved to compel better answers to Celebrity's interrogatories and to compel the deposition of Tony Faso, the individual identified by Celebrity as having decided Fernendes's entitlement to maintenance and cure. Celebrity agreed to an order providing for better answers to some of its interrogatories. In a separate order dated February 20, 2013, Tony Faso was ordered to appear for deposition within 30 days with Fernandes to be deposed "via skype or videoconferencing following Faso's deposition." Celebrity was not, however, obligated to take Fernandes's deposition within 30 days if it decided to go to India to depose him.

Two weeks later, on March 7, 2013, Fernandes filed a motion to compel compliance with the court's earlier October 18, 2012 order. While the motion claimed that Celebrity had failed to provide information regarding five of the eleven crewmembers who allegedly had witnessed the incident in which Fernandes was injured, the purpose of the motion was to secure relief from the September 27, 2012 order that required Fernandes to be deposed before any crewmembers:

> 4. Although the Court ordered the [crewmember] depositions to be set following the Plaintiff's deposition, the Court entered an Order on February 20, 2013 requiring the deposition of the Plaintiff within thirty (30) days. See Order attached as Exhibit "B". Defendant was allowed the option of going to India should it choose and, if so, the thirty (30) day limitation would not be applicable.

8

5. Plaintiff requests this Court order the depositions of the witness crewmembers following the thirty (30) day time period that Defendant had to take Plaintiff's deposition (on or before March 22, 2013). If Defendant chooses to delay the Plaintiff[']s deposition past March 22, 2013, then Plaintiff should thereafter be allowed to proceed with the witness crew member depositions. Plaintiff's trial preparation should not be prejudiced by Defendant's voluntary delay with respect to the Plaintiff's deposition. Plaintiff requests the witness crewmembers' depositions take place between March 23, 2013 and April 11, 2013.

This motion (which provided the predicate for the trial court's order striking Celebrity's pleadings) sought no sanctions in its title, in its body, or in its request for relief.

Indeed, attorney discussions on March 19, one day before the hearing on this motion, memorialized by e-mails, made no mention of sanctions. In fact, the afternoon before the hearing, the parties were trying to work out a deposition schedule with Fernandes's attorney suggesting the exchange of crewmember information and a 30-day deposition schedule:

> Regarding Plaintiff's Motion to Compel Compliance with Court Order dated October 18, 2012 and to Compel Crewmember Depositions, you indicated Celebrity will be providing the information regarding the crew members [sic] locations this Friday [March 22]. I propose an agreed order for Defendant to produce the crew members for deposition within 30 days thereafter. In addition the crew depos will not be dependant [sic] on Plaintiff's deposition date considering Defendant has not yet advised of its intentions regarding Plaintiff's deposition. Let me know if Celebrity is agreeable to that compromise. If so, we can submit an Agreed Order.

Although the parties could not agree as to the timing of Fernandes's deposition, there was no hint that any sanctions were contemplated or were to be imposed. However, at the March 20 motion-calendar hearing which followed, without notice and without sanctions having been requested or ever previously imposed in the matter, the trial court sua sponte entered an order sanctioning Celebrity striking its pleadings,[3] entering the default on liability, and ordering a trial on damages alone:

> Order granting Plaintiff's *Motion to Compel Compliance* with Court Order

[3] There is no transcript of the March 20, 2013 hearing. Fernandes maintains this mandates affirmance. We cannot agree. In the instant case, the error appears on the face of the record which grants relief not noticed and without the requisite evidentiary hearing, findings, or due process. See Hill v. Calderin, 47 So. 3d 852, 854 (Fla. 3d DCA 2010) ("Generally, where an appellant fails to provide the appellate court with a trial transcript, the trial court's judgment must be affirmed. Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979). Notwithstanding the absence of a transcript, however, an appellate court may review a lower court judgment for error apparent on its face."); Connell v. Capital City Partners, LLC, 932 So. 2d 442, 443-44 (Fla. 3d DCA 2006) ("We find that the order on appeal reflects an error on its face, as it reveals a denial of due process. Specifically, the order reflects that the only motion set for hearing was a motion to dismiss. The trial court, however, went beyond a determination of the motion to dismiss, by also requiring Connell to transfer $49,000 to Capital City.") (footnote omitted); see also Alsina v. Gonzalez, 83 So. 3d 962, 965 (Fla. 4th DCA 2012) ("The Gonzalezes argue that an affirmance [of the discovery sanction order at issue] is required because the Alsinas have not provided a transcript of the hearing where those factors [enunciated in Kozel] may have been considered. We disagree that a transcript is necessary where the order is devoid of any consideration of the factors. In fact, no transcript of the sanction hearing was available in Ham [v. Dunmire, 891 So. 2d 492 (Fla. 2004)], and the order contained language finding willful conduct. Despite this, the supreme court still remanded for the trial court to conduct a Kozel [v. Ostendorf, 629 So. 2d 817 (Fla. 1993)] analysis.").

This Cause having come to be heard on March 20, 2013 on Plaintiff's Motion to Compel Compliance with Court Order dated October 18, 2012 and Compel Crew Depositions[,] and the court having heard arguments of counsel, and being otherwise advised in the premises, it is hereupon ORDERED AND ADJUDGED that said motion be and the same is hereby

Granted as follows: Court finds Defendant's failure to comply with Court's Order was intentional delay and prejudiced Plaintiff's preparation for the May 2013 [trial] and there is insufficient time to conduct depositions now.  As such, this Court strikes Defendant's pleadings and this matter shall proceed to trial on damages only.  Default judgment against defendant on liability.

(Emphasis added).

Celebrity, by that time had actively engaged in substantial discovery and was prepared to exchange extensive exhibit and witness lists in anticipation of the upcoming trial.  Within days of this order, Celebrity provided better answers to Fernandes's interrogatories as agreed; it also set Fernandes and others for deposition and provided witness and exhibit lists.  It also moved for reconsideration of the order striking its pleadings and entering default on liability.

The motion was denied in an order stating only:

Denied based on reasons set forth in Pltff's [sic] response in opposition [to the motion for rehearing].  Court notes non-compliance with orders dated 7/11/12; 9/27/12; 10/18/12; and 2/20/13

This matter thereafter proceeded to jury trial without Fernandes—who was unable to secure a visa—and resulted in a $2.5 million damage award.  Celebrity appeals; we reverse.

11

While Celebrity argues a number errors mandating reversal, we need go no further than the total lack of notice to Celebrity that sanctions were going to be considered much less imposed and the lack of an opportunity to present evidence on this issue, to conclude reversal is required. First, "the granting of relief, which is not sought by the notice of hearing or which expands the scope of a hearing and decides matters not noticed for hearing, violates due process." Connell, 932 So. 2d at 444 (citations omitted). In his March 7, 2013 motion, Fernandes neither moved for sanctions nor asked to have Celebrity's pleadings stricken and the court below did not issue an order to show cause as to why sanctions should not be imposed.[4] Thus, we agree with Celebrity that the court below had no authority to strike its pleadings on March 20 or to otherwise impose the sanction ordered. See Keys Island Props., LLC v. Crow, 97 So. 3d 329, 330-31 (Fla. 3d DCA 2012) (observing the trial court could not determine matters not the subject of a proper pleading and notice and citing Pro–Art Dental Lab, Inc. v. V–Strategic Grp., LLC, 986 So. 2d 1244, 1252 (Fla. 2008) (quoting Carroll & Assocs., P.A. v. Galindo, 864 So. 2d 24, 28–29 (Fla. 3d DCA 2003)) ("noting that 'Florida law clearly holds that a trial

---

[4] Fernandes had filed a motion for sanctions in December of 2012, however a motion to compel better answers followed and the next order from the trial court was the February 20, 2013 "Agreed Order Granting Plaintiff's Motion to Compel Better Int. Answers." The March 7 motion requested only an order compelling Celebrity to comply with the trial court's October 18, 2012 order and "any other relief this Court deems appropriate," an insufficient basis for the sanction that followed.

court lacks jurisdiction to hear and to determine matters which are not the subject of proper pleading and notice' and '[t]o allow a court to rule on a matter without proper pleadings and notice is violative of a party's due process rights'") (emphasis removed) and Mizrahi v. Mizrahi, 867 So. 2d 1211, 1213 (Fla. 3d DCA 2004) ("Due process protections prevent a trial court from deciding matters not noticed for hearing and not the subject of appropriate pleadings.")); Atala v. Kopelowitz, 664 So. 2d 1156, 1157 (Fla. 3d DCA 1995) (holding that striking of pleadings for failure to comply with discovery was error where party was not given notice that such a sanction was being considered); Epic Metals Corp. v. Samari Lake E. Condo. Ass'n, Inc., 547 So. 2d 198, 199 (Fla. 3d DCA 1989) ("A trial court violates a litigant's due process rights when it expands the scope of a hearing to address and determine matters not noticed for hearing.").

Second, while it is well established that "determining sanctions for discovery violations is committed to the discretion of the trial court," dismissal of an action or striking a party's pleadings and entry of a default for failure to comply with a discovery order is "the most severe of all sanctions which should be employed only in extreme circumstances." Ham v. Dunmire, 891 So. 2d 492, 495 (Fla. 2004) (citing Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983)). Thus, "[w]here a trial court fails to make express written findings of fact to support a conclusion that a party's failure to obey court orders demonstrates willful or deliberate disregard, the

13

dismissal of such action [or the striking of a party's pleadings] constitutes an abuse of discretion." Toll v. Korge, 127 So. 3d 883, 887 (Fla. 3d DCA 2013). Moreover, to ensure that a litigant is not unduly punished for failures of counsel, a trial court must consider those factors delineated by the Florida Supreme Court in Kozel to determine whether dismissal or striking of a party's pleadings is an appropriate sanction for an attorney's rather than a client's behavior.[5] See Kozel v. Ostendorf, 629 So. 2d 817, 818 (Fla. 1994); see also Korge, 127 So. 3d at 887 ("[t]he Kozel factors ensure that a sanction is directed towards the party responsible for the error or misconduct").

In this case, the trial court did not conduct an evidentiary hearing[6] before striking Celebrity's pleadings to determine whether Celebrity or its lawyers had violated any court orders by failing to engage in meaningful discovery. Nor did it make findings necessary to support its sanctions order.[7] These failures also require

---

[5] These factors are: (1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than negligent or uninformed; (2) whether the attorney has been sanctioned previously; (3) whether the client was personally involved in the disobedience; (4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; (5) whether the attorney offered a reasonable justification for noncompliance; and, (6) whether the delay created significant problems for judicial administration. See Kozel, 629 So. 2d at 818.

[6] The March 20, 2013 hearing was an add-on to the trial court's five minute motion calendar, it was not an evidentiary hearing.

[7] Attempts to justify the March 20, 2013 sanction order by later order citing to a number of orders (dated 7/11/12; 9/27/12; 10/18/12; and 2/20/13) and an unsworn

14

reversal here. ~~See TICO Ins. Co. v. Schonning, 960 So. 2d 6, 6 (Fla. 3d DCA~~ memorandum of law filed by Fernandes's counsel *after* Celebrity's pleadings were stricken does not satisfy these requirements.

- The *July 11, 2012 order* read:

> *Agreed* **ORDER** **GRANTING/DENYING** **PLAINTIFF'S/DEFENDANT'S** Motion to Compel
>
> **THIS CAUSE** having come to be heard on July 11, 2012 on Plaintiff's/Defendant's Motion to Compel Depositions and Vessel Inspection and the Court having heard arguments of counsel, and being otherwise advised in the premises, it is hereupon
>
> **ORDERED AND ADJUDGED** that said Motion be, and the same is hereby
>
> Granted. Defendant to provide dates for the requested depositions within (7) seven days and for the depositions to be conducted within (60) sixty days. ***Parties may mutually agree to different dates***.

(Some emphasis added).

The record shows that the vessel was being made available to Fernandes upon its return to a local port. There is no showing that Fernandes was denied access at any other port at which this vessel called had his counsel wanted to go there. Also, the depositions of the ship's investigators had either begun or were scheduled when Celebrity's pleadings were stricken. The same applies to the deposition of Celebrity's corporate representative.

- The *September 27, 2012 order* read:

> *Agreed* **ORDER** **GRANTING/DENYING** **PLAINTIFF'S/DEFENDANT'S** Motion for Compliance
>
> **THIS CAUSE** having come to be heard on September 27, 2012 on Plaintiff's/Defendant's Motion to Compel Compliance with Court Order and the Court having heard arguments of counsel, and being otherwise advised in the premises, it is hereupon

2005) ("Because the pleadings were struck in the absence of an evidentiary

> **ORDERED AND ADJUDGED** that said Motion be, and the same is hereby
>
> Granted as follows:
>
> Deposition of Defendant's corporate representative shall take place on November 15, 2012. Defendant shall provide proposed dates for deposition for Ira Warder and shipboard investigator(s) within seven (7) days.

(Some emphasis added).

Again, these depositions had already been taken, had commenced, or were scheduled when Celebrity's pleadings were stricken.

- The ***October 18, 2012 order*** read:

> Order                                    **GRANTING/DENYING**
> **PLAINTIFF'S/DEFENDANT'S** Motion to Compel Crew Member Depos
>
> **THIS CAUSE** having come to be heard on October 18, 2012 on Plaintiff's/Defendant's Motion to Compel Crew member Depositions and the Court having heard arguments of counsel, and being otherwise advised in the premises, it is hereupon
>
> **ORDERED AND ADJUDGED** that said Motion be, and the same is hereby
>
> Granted. Defendant shall provide crew members schedule, ship assignment and deposition availability within 30 days. ***These depositions will be set following Plaintiff's deposition. Plaintiff shall update Defendant on Plaintiff's visa status/ability to travel to US within 60 days***. Defendant shall provide contact information for crewmembers no longer employed within 30 days.

(Some emphasis added).

16

hearing, we reverse."); <u>Bank One, N.A. v. Harrod</u>, 873 So. 2d 519, 521 (Fla. 4th Although Celebrity apparently provided the information ordered for only six of the eleven crewmembers at issue, it failed to timely provide the information sought for the other five crewmembers. This failure did not prejudice Fernandes because none of these individuals could be deposed until after Fernandes had made himself available here—something that he could not do—for examination and deposition. Moreover, Celebrity had advised Fernandes's counsel that the information sought would be made available, and actually was made available, on March 22, 2013, only two days after the motion to compel this information was set.

- ***Two orders dated February 20, 2013***.

The ***first February 20 order*** read:

> **ORDER                                    GRANTING/DENYNG PLAINTIFF'S/DEFENDANT'S** Motion to Compel Fasos [sic] Deposition
>
> **THIS CAUSE** having come to be heard on February 20, 2013 on <u>Plaintiff's</u>/Defendant's to Compel Deposition of Tony Faso and the Court having heard arguments of counsel, and being otherwise advised in the premises, it is hereupon
>
> **ORDERED AND ADJUDGED** that said Motion be and the same is hereby
>
> Granted. Tony Faso shall appear for deposition within the next 30 days. Court sua sponte orders Plaintiff to be deposed via Skipe or videoconferencing following Faso's deposition. If [Defendant] wants to go to India the 30 day limitation/requirement is not applicable.

The ***second February 20 order***:

This order was an Agreed Order on Plaintiff's "Motion to Compel Better Answers to As Well as Sworn Answer[s] to Plaintiff's Interrogatories." That order listed a number of questions requiring better responses but again made no mention whatsoever of sanctions. It read:

> ***Agreed*** as follows: Defendant shall provide sworn answers/jurat page; telephone #s of the individuals* disclosed in #1 and #8; better

17

DCA 2004) ("Where, as here, there is no indication that the trial court considered [the Kozel] factors . . . reversal has been required.")"); Franchi v. Shapiro, 650 So. 2d 161, 162 (Fla. 3d DCA 1995) ("Before this ultimate sanction [the striking of pleadings or entering a default for noncompliance with an order compelling discovery] can be entered . . . a party must be given notice and an opportunity to be heard. This opportunity to be heard must include the opportunity to present evidence of extenuating and/or mitigating circumstances, which might explain the failure to comply with the court's discovery order or the opposing party's discovery request.") (citations omitted); see also Alsina, 83 So. 3d at 964 ("While dismissal of a complaint for non-compliance with a court order is subject to an

>answer to #18 with an MM I date or "none"; in response to #13 Defendant shall produce all of Plaintiff's pay slips for 2009; Objection to #14 withdrawn; will provide better answers to #14 and #15 + #23; #24 (2nd) language following "including but not. . ." stricken and . . . withdraws objection and will provide better answer.
>
>Compliance within 30 days.
>*no longer employed by cruise line

(Emphasis added).

Celebrity provided the better answers as agreed and was only obligated to take Fernandes's deposition in 30 days if it opted to do so via skype or videoconference. It also noticed his deposition for April 2, 2013, within 30 days of the March 20 order.

These orders, neither individually nor in concert, would have alerted Celebrity that some sanction, much less that its pleadings were subject to being stricken, was being contemplated by the court on March 20.

abuse of discretion standard of review, Erdman v. Bloch, 65 So. 3d 62, 65 (Fla. 5th DCA 2011) (citing Bank One, N.A. v. Harrod, 873 So. 2d 519, 520 (Fla. 4th DCA 2004)), failure to apply the standards for the sanction of dismissal set forth in Kozel . . . is in itself a basis for reversal and remand for application of those standards. Ham v. Dunmire, 891 So. 2d 492, 500 (Fla. 2004).").

Third, the record does not support the trial court's conclusion that Celebrity's delay in taking Fernandes's deposition left Fernandes with insufficient time before the scheduled May trial to take the remaining crewmembers' depositions. To the contrary, when Fernandes sought relief from the October 18 2012 order which required his deposition to be taken before that of any crewmembers, he proposed a 30-day deposition schedule for these individuals "between March 23, 2013 and April 11, 2013," and represented this schedule as being sufficient for him to prepare for the upcoming May trial. Thus, the trial court's March 20 conclusion that Fernandes was incurably prejudiced because "there is insufficient time to conduct depositions now," is not only unsupported by the record but also contradicted by it. See Beaver Crane Serv., Inc. v. Nat'l Sur. Corp., 373 So. 2d 88, 89 (Fla. 3d DCA 1979) (sanction of dismissal was error where appellee was not prejudiced in any meaningful way by appellant's tardiness).

Finally, the record below fails to demonstrate the level of disobedience or inappropriate behavior that would justify imposition of the litigation/liability death penalty. This matter was first noticed for trial in December of 2011 by counsel for Fernandes only six months after this action was filed and at a time when neither party was prepared to try this case. While Celebrity may have engaged in some discovery "foot dragging" along the way, all of the delays incurred below cannot be attributed to it. Indeed, this matter was reset for trial a number of times, often on agreement of the parties and on occasion to accommodate the schedule of Fernandes's trial counsel. Some of the delays certainly must be attributed to Fernandes's inability to secure a visa to enter the country so that he could be examined and deposed.

The record also shows that both parties were diligently pursuing this matter and had engaged in substantial negotiations over, and agreed for the most part about, discovery. The parties also had attended mediation, secured expert witnesses, and prepared extensive witness and exhibit lists. In short, the parties were close to being ready for trial when the court below sunk Celebrity's case without so much as the proverbial warning shot across the bow.

As this court and others before us have made clear, the ultimate penalty for discovery sanctions must be reserved for the most egregious cases. See, e.g., Franchi, 650 So. 2d at 162 (quoting Mercer, 443 So. 2d at 946 for the proposition

that "the striking of pleadings or entering a default for noncompliance with an order compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstances"). This is not a case where such a sanction is warranted.

We therefore reverse the judgment in Fernandes's favor and remand for a trial on the merits. In light of this reversal, we decline to address the remainder of the arguments advanced by Celebrity.