# Third District Court of Appeal

## State of Florida

Opinion filed July 27, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2350
Lower Tribunal No. 08-58648
_____

**Vilma Martinez,**
Appellant,

vs.

**The Bank of New York Mellon, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, John W. Thornton, Jr., Judge, and Jon I. Gordon, Senior Judge.

Bruce Botsford (Fort Lauderdale); Pomeranz & Associates (Hallandale), for appellant.

Kelley Kronenberg and Jacqueline Costoya (Fort Lauderdale), for appellee.

Before SUAREZ, C.J., and EMAS and SCALES, JJ.

EMAS, J.

Vilma Martinez appeals from a final judgment of foreclosure entered in favor of The Bank of New York Mellon ("BONY"). Martinez asserts that the trial court abused its discretion in striking her pleadings in the middle of the nonjury trial and entering, as a sanction against Martinez, a default final judgment of foreclosure. We agree that, under the circumstances of this case, the trial court abused its discretion, and therefore, reverse the final judgment of foreclosure and remand for a new trial.

**BACKGROUND**

The foreclosure action was filed against Martinez in 2008. She answered the complaint and asserted several affirmative defenses, including a lack of standing by BONY to bring the action and a failure by BONY to comply with conditions precedent as required by the mortgage, including the notice-of-default provision.

The case proceeded to a nonjury trial. BONY called Martinez as a witness during its presentation. While on the witness stand, Martinez stated that she had never moved out of the subject property, had never requested her mail be forwarded to a post office box,[1] and had always received her mail at the subject property. Upon further examination, counsel for BONY asked Martinez if she had ever informed any lenders that she no longer lived at the property address. When

---

[1] The notice of default admitted into evidence by the court was addressed to Martinez at a post office box.

2

Martinez denied that she had, counsel for BONY presented a handwritten letter, purportedly prepared and signed by Martinez and received by BONY, wherein she expressed that she had moved out of the subject property and was seeking a loan modification. Initially, Martinez denied that the letter was in her handwriting, and denied writing or signing the letter. Then, when she was shown the note and mortgage (to compare the signatures on those documents with that on the handwritten letter), Martinez testified that the signatures on those documents were not hers, either. Martinez did eventually admit that the signature on the letter appeared to be hers, but she never testified that she wrote the letter or instructed someone to write it on her behalf, and she continued to deny that she had ever moved out of the property. At this point, the trial court told Martinez:

> Ma'am I don't believe a word you're saying. I think you're lying straight out to me. I'm just wondering whether or not I ought to just stick you in jail for it. That's how irritated I am right now with this business. You know what, I'm going to take a brief recess and come back and dispose of this case and I may dispose of you as well.

Upon returning from recess, BONY called a litigation foreclosure specialist to the witness stand to authenticate the loan file and documents, including the payment history for the loan.[2] During cross-examination of this witness by

---

[2] At one point during this direct examination, the trial court interrupted BONY's counsel and asked the witness a series of thirteen questions, including the requisite foundational questions for admission of the documents as business records under section 90.803(6)(a), Florida Statutes (2015).

Martinez's counsel, the court interrupted and asked Martinez (who was not on the witness stand): "When was the last time you made a payment on this mortgage ma'am?" When Martinez indicated she did not know the date of the last payment and could not remember whether she had made any payments on the mortgage, the court said:

> You know what? I think you're lying to the Court. I'm striking your pleadings. I'm entering a default and I'm entering judgment. You ought to consider yourself lucky that you're leaving here today and not going to jail. Give me the judgment. You're excused. Shame on you all. Shame on you. Leave.

Counsel for Martinez then objected and requested an opportunity to proffer for the record his objections and position in the case. The court cut him off and would not allow counsel to finish his proffer. Thereafter, the court entered an order striking Martinez's pleadings and entering default final judgment in favor of BONY[3], finding Martinez "lied and committed perjury and is therefore sanctioned." Martinez filed a motion for a new trial, contending that the trial court: erred in striking her pleadings; inserted itself into the proceedings by questioning witnesses; failed to permit Martinez's counsel to question his own client after she was questioned by BONY; failed to allow Martinez to complete its cross-examination of BONY's litigation foreclosure specialist, failed to require

---

[3] The trial court never admitted into evidence BONY's business records, and it is unclear whether BONY had completed presenting its evidence at trial prior to the trial court's ruling.

BONY to complete the presentation of its case; and refused to permit Martinez to present her case. The trial court denied the motion for new trial and this appeal followed.

**ANALYSIS**

This court reviews the trial court's sanction order "under a 'somewhat narrowed' abuse of discretion standard." Faddis v. City of Homestead, 121 So. 3d 1134, 1135 (Fla. 3d DCA 2013). It is well-settled in Florida "that a party who has been guilty of fraud or misconduct in the prosecution or defense of a civil proceeding is not permitted to continue to employ the very institution she has subverted to achieve her ends." Austin v. Liquid Distributors, Inc., 928 So. 2d 521, 521 (Fla. 3d DCA 2006) (quoting Hanano v. Murphy, 723 So. 2d 892, 895 (Fla. 3d DCA 1998)). Accordingly, a trial court has the authority to impose sanctions on a party that perpetrates a fraud on the court, which includes striking that party's pleadings and entering a default judgment against that party. See Faddis, 121 So. 3d at 1135. However, and importantly for our purposes, the power of the court to impose sanctions under these circumstances "should be exercised with great restraint" and should be used "'only upon the most blatant showing of fraud, pretense, collusion, or other similar wrongdoing.'" E.I. DuPont De Nemours & Co. v. Sidran, 140 So. 3d 620, 623 (Fla. 3d DCA 2014).[4] See also Celebrity

---

[4] Internal citations and quotations omitted.

Cruises, Inc. v. Fernandes, 149 So. 3d 744, 751 (Fla. 3d DCA 2014) (noting that "striking a party's pleadings and entry of a default . . . is the most severe of all sanctions which should be employed only in extreme circumstances" (quoting Ham v. Dunmire, 891 So. 2d 492, 495 (Fla. 2004)); Empire World Towers, LLC v. CDR Creances, S.A.S., 89 So. 3d 1034, 1038 (Fla. 3d DCA 2012). "The court should consider the proper mix of factors and carefully balance a policy favoring adjudication on the merits with competing policies to maintain the integrity of the judicial system." Id. Of significance, the court's finding of fraud "must be supported by clear and convincing *evidence* that goes to 'the very core issue at trial.'" Id. at 624.

Upon our review of the record in this case, there is an absence of competent substantial evidence to support the trial court's determination, by clear and convincing evidence, that Martinez "lied and committed perjury" on a central and material issue, nor competent substantial evidence that any such misconduct was "undertaken with intent to deceive, constituted a deliberate scheme to subvert the judicial process, [or] amounted to a fraud upon the court." Faddis, 121 So. 3d at 1135. Accordingly, we determine that under these circumstances, the trial court abused its discretion in striking Martinez's pleadings and entering default final judgment against her as a sanction.[5] In addition, the trial court's refusal to allow

---

[5] To be clear, we do not hold that the trial court's implicit conclusion—that Martinez signed the letter, the mortgage and the note—was erroneous. As

6

Martinez's counsel to call Martinez or any other witnesses to the stand regarding the "lies and perjury" his client allegedly committed, or even to allow counsel to make a complete proffer to the court, was a denial of due process. See Fernandes, 149 So. 3d at 750 (holding reversal required where party lacked an opportunity to present evidence on the issue before sanctions imposed); Kilnapp v. Kilnapp, 140 So. 3d 1051 (Fla. 4th DCA 2014) (holding court denied party a fundamental right to due process by failing to allow him to present witnesses or testify on his own behalf); Miller v. Nelms, 966 So. 2d 437 (Fla. 2d DCA 2007) (holding court must have evidence to support dismissal before dismissing a case for fraud on the court). We reverse and remand to the trial court for proceedings consistent herewith and, in consideration of the record on appeal, those further proceedings shall be before a different judge. See, e.g., Edgel v. State, 962 So. 2d 356 (Fla. 1st DCA 2007).[6]

Reversed and remanded.

---

factfinder, the trial court is charged with the responsibility of making the necessary findings of fact, including determinations of witness credibility inherent in its fact-finding duties. It may well be that the trial court's conclusion in this regard would have been appropriate, had the trial court permitted the parties to conclude the presentation of their respective cases, made the necessary findings supported by the evidence, and entered final judgment accordingly. Our holding focuses on the procedurally improper striking of pleadings and entry of a default final judgment as a sanction in the absence of proper evidentiary support, and doing so without first affording Martinez and her counsel an opportunity to present evidence and testimony to challenge such a sanction.

[6] The other issue raised by Martinez on appeal is moot based on this court's order for a new trial.