# Third District Court of Appeal

## State of Florida

Opinion filed October 24, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-882
Lower Tribunal No. 15-26697
_____

## Garcia-Mathies Interiors, Inc.,
Appellant,

vs.

## Antonio Peré and Elizabeth Peré,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Zarco Einhorn Salkowski & Brito, P.A., Alejandro Brito, and Mikhael Bortz, for appellant.

Jones & Adams, P.A., W. Steven Adams, Matthew L. Jones, and Jorge E. Porro, for appellees.

Before LOGUE, LUCK and LINDSEY, JJ.

PER CURIAM.

Garcia-Mathies Interiors appeals the trial court's order granting Antonio and

Elizabeth Pere's motions for sanctions, striking GM Interiors' pleadings, and

entering final default judgment in favor of the Peres. We reverse and remand for the trial court to give GM Interiors the opportunity to be heard before the ultimate sanction is imposed.

*Factual Background and Procedural History*

The Peres hired GM Interiors to design and decorate their new home. But when GM Interiors did not complete the job in three months as promised, and inflated their bills, the Peres sued for fraudulent inducement, fraud, unjust enrichment, accounting, civil theft, and breach of contract.

In their first request for production, the Peres requested that GM Interiors "[p]roduce any and all accounting spreadsheets, in native format of whatever electronic software was utilized" relating to the design and decoration of their home. GM Interiors responded to the request, but the Peres, believing they did not receive the accounting spreadsheets in native format, filed a motion to compel. The trial court held a hearing on the motion, and ordered the Peres to "have their expert accountant identify the necessary accounting documents within the next 60 days." Any "[n]on objected [to] documents [were to] be produced within the 60 days."

The Peres' expert accountant requested GM Interiors' "[a]ccounting records in native format of whichever electronic software was utilized (e.g. Quickbooks)." But after the sixty days came and went, the Peres again moved to compel and

2

sought sanctions (the motion was amended twice and supplemented), alleging that they did not receive the accounting records in native format and GM Interiors had altered the records. The trial court heard the amended and supplemented motion to compel, and ordered that GM Interiors had "24 hours to produce a copy of everything – all that raw data that's on that server for [the Peres'] inspection."

Still believing after the twenty four hours that they did not receive all the accounting records, and that GM Interiors had altered the records, the Peres moved for sanctions based on spoliation (the motion was later supplemented). The trial court held a three-day evidentiary hearing on the various sanctions motions. On the first day, the Peres had their accounting expert testify. On the second day, GM Interiors continued its cross-examination of the Peres' expert. The hearing was reset for a third day so that GM Interiors could put on its case.

Between the second and third day of hearings, GM Interiors sent the Peres an e-mail attachment with what it said was "previously produced" documents. The Peres believed that new, never produced documents were in the attachment. At the beginning of the third day of the evidentiary hearing, the Peres raised the issue of the new documents with the trial court, and this is what happened:

The court: ….I don't understand what the problem is here, and I don't understand why you would have to give somebody a new PDF or an old PDF production for today's hearing if you had previously done that. Why would you need to do that? Why didn't you say, here, I'm going to give

3

you everything I gave you before?  Why did you pick this and then use the curious – to me curious – phrase, that was previously given to you.  You know what that sounds like to me?  I didn't give it to you.  I'm going to cover my derriere by saying that I gave it to you before.

[GM Interiors]:      In August, I may have missed one.

The court:           Oh.

[GM Interiors]:      But I gave the hard – the native versions is here, Judge.

The court:           Listen –

[The Peres]:         I was –

The court:           – don't dig yourself deeper.  Do yourself a favor.  Now it's starting to change.  <u>I'm going to grant your motion</u>.

[The Peres]:         Thank you, Your Honor.

[GM Interiors]:      <u>Judge, please, for the record.  I need to put evidence on the record</u>.

The court:           You can have access to the record.  John, take what he says down.

[The Peres]:         Your Honor, we'll submit an order for your consideration.

The court:           Okay.

<u>(The [judge] exited the courtroom)</u>

After the hearing, the trial court entered its order concluding that GM Interiors engaged in "bad faith, constant, deliberate, and willful disregard or gross

4

indifference to [the] Court's Orders, the several discovery violations, and [the] intentional destruction, alteration, and/or concealment of evidence." Based on "governing case law, Florida Rule of Civil Procedure 1.380(b)(2)(C), and [the] Court's inherent authority," the trial court struck GM Interiors' pleadings and entered judgment for the Peres.

*Discussion*

GM Interiors contends on appeal that the trial court erred in striking its pleadings without giving it the opportunity to present rebuttal evidence. We agree.

A party must be afforded an opportunity to be heard before a trial court strikes the party's pleadings as a sanction for a discovery violation.[1] "This opportunity to be heard must include the opportunity to present evidence of extenuating and/or mitigating circumstances, which might explain the failure to comply with the court's discovery order or the opposing party's discovery

---

[1] The Florida Supreme Court rejected the argument that a trial court abuses its discretion "by not conducting an evidentiary hearing prior to dismissing the case" as a sanction for a discovery violation. Ham v. Dunmire, 891 So. 2d 492, 500 (Fla. 2004). Its prior cases, the Court said, did not require "a complete formal evidentiary hearing." Id. But the sanctioned party must be given notice that its pleadings may be stricken, and an opportunity to be heard before they are. See Franchi v. Shapiro, 650 So. 2d 161, 162 (Fla. 3d DCA 1995) ("Before this ultimate sanction can be entered, however, a party must be given notice and an opportunity to be heard."); cf. Ham, 891 So. 2d at 500 ("As a threshold matter, the trial court did conduct a telephonic hearing on All American's motion for sanctions. According to the trial court, both parties 'elected' to attend the hearing by telephone."). While the trial court has discretion in how it gives the sanctioned party an opportunity to be heard, the opportunity must be given. Here, the trial court chose to have an evidentiary hearing.

request." Franchi, 650 So. 2d at 162; see also Celebrity Cruises, Inc. v. Fernandes, 149 So. 3d 744, 752 (Fla. 3d DCA 2014) (reversing, in part, because party lacked an opportunity to present evidence on the issue before sanctions were imposed).

GM Interiors was deprived of the opportunity to be heard. The trial court set an evidentiary hearing to decide whether to impose sanctions. As the trial court explained at the end of the first day, "the sanction that you're asking me to impose is the most severe sanction . . . that I can impose. So therefore, I am going to try to bend backwards so that [GM Interiors] is satisfied that [it] has been heard here." At the end of the second day, when the trial court had to turn to another matter on its docket, it instructed GM Interiors to set aside a full day to present its case. But when the day came, and before GM Interiors could present its case, the trial court granted the sanctions motions, struck GM Interiors' pleadings, and entered judgment against it. GM Interiors was not even allowed to proffer to the trial court what it would have proven because the trial court walked off the bench.

We find Martinez v. Bank of New York Mellon, 198 So. 3d 911 (Fla. 3d DCA 2016) factually similar and instructive here. Martinez was a foreclosure case. During the bank's case in chief at the bench trial, the trial court struck the borrower's pleadings and entered judgment for the bank as a sanction because the borrower lied and committed perjury. Id. at 912-13. The borrower "objected and requested an opportunity to proffer for the record his objections and position in the

case," but the trial court "cut him off and would not allow counsel to finish his proffer." Id. at 913  We reversed, in part, because "the trial court's refusal to allow [the borrower's] counsel to call [the borrower] or any other witnesses to the stand regarding the 'lies and perjury' his client allegedly committed, or even to allow counsel to make a complete proffer to the court, was a denial of due process." Id. at 914; see also Kilnapp v. Kilnapp, 140 So. 3d 1051, 1054 (Fla. 4th DCA 2014) (reversing because party was denied the opportunity to be heard where "trial court ended the hearing before the husband had the opportunity to call the wife or his forensic certified public accountant, who had already been sworn in by the court to testify").

*Conclusion*

GM Interiors was given the same treatment as the borrower in Martinez, and we reach the same result.  The order striking its pleadings and entering judgment against it is reversed, and the case is remanded for further proceedings on the sanctions motions to give GM Interiors an opportunity to be heard.  Sanctions (including the striking of GM Interiors' pleadings) may be appropriate – we express no opinion one way or the other – but they can only be imposed after both parties have been given the opportunity to present their case.

Reversed and remanded for further proceedings.